JAMES A. SOLO *v.* JUDITH A. SOLO
(2303)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued April 4—decision released July 10, 1984

*Cynthia C. George,* with whom, on the brief, were *Samuel V. Schoonmaker III* and *Jonathan D. Elliot,* for the appellant-appellee (plaintiff).

*Richard G. Kent,* for the appellee-appellant (defendant).

PER CURIAM. Each party to this dissolution of marriage action filed motions for modification of the unallocated alimony and support award in the original judgment. Each appeals[1] from the court's order which reduced the unallocated alimony and support award by $397 per month.

At the time of the dissolution on October 24, 1979, the plaintiff was ordered to pay $1400 per month as unallocated alimony and support, and to make the $700 monthly second mortgage payments on the parties' residence until the mortgage was reduced to $37,500. The decree provided that the plaintiff husband could seek a modification of the court's order only if the defendant earned more than $8500 per year. The plaintiff moved to modify the award downwards because the defendant obtained full-time employment four months after the original decree was rendered and because she was receiving additional rental income not available to her at the time of the decree. The defendant, on the other hand, moved to modify the award upwards because of the plaintiff's increased earnings and her increased living expenses.

The trial court carefully considered the financial circumstances of the parties at the time of the original decree and at the time of the hearing on the requested modifications of the award. The court found a basis for modifying the award downwards because the defendant's earnings at the time of the hearing exceeded the threshold amount provided in the decree.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

In modifying the order, the court stated that its intent was to keep the parties in relatively the same financial position in which they had been placed by the prior order, giving appropriate consideration to the changed circumstances. The court used a formula to achieve this objective. The court found that the defendant's income had increased $9459 annually, which amounted to a 526 percent increase since the dissolution was granted, and that her annual living expenses had increased $872 per month or 28 percent over such expenses regularly incurred by her at the time of the decree. In order to achieve its goal of placing the parties in relatively the same position in which they were put by the original decree, the court added $392 (representing 28 percent of the previous monthly award) to the original award of $1400 per month, thus amounting to $1792 per month. The court then subtracted $789 (representing the percentage of increase in the defendant's monthly income) from that figure ($1792) and therefore reduced the award of $1400 per month to $1003 per month unallocated alimony and support.

Both parties thereafter filed motions to correct the order.[2] The plaintiff claimed that the court erred in computing its order because the court included in the defendant's monthly expenses her claim on her financial affidavit of a $700 monthly payment on the second mortgage which she claimed on her financial affidavit, but which the plaintiff was paying under the court order.[3] The defendant moved to correct the order

[2] Although this motion is unknown to the Connecticut Practice Book, its usage is common in domestic cases and was pressed by both parties. The court stated in its memorandum of decision on the motions to correct that it was "unaware of the existence of any procedural vehicle known as a motion to correct" by which it would have authority to change such an order. Since the court declined to correct or change the order of January 13, 1981, we need not consider the propriety of this procedural creation of the domestic relations bar.

[3] This is not in dispute. The defendant never claimed that she had made any of the $700 monthly payments.

because the court's computation of her increased income failed to consider income which she had at the time of the decree. She also argued in response to the plaintiff's claim about the $700 monthly payment on the second mortgage that the payment should also have been excluded from the court's calculations of the defendant's 1979 expenses.

The court found that it had included the mortgage payment as an item of expense in both the 1979 and 1980 affidavits in calculating the change in the defendant's expenses. The court stated that although it may have acted improperly in including the $700 item, it did not represent any change in the defendant's expenses. Therefore, "so long as it was either included or excluded on both ends of the calculation, it would not significantly affect the result." The court also found no merit in the defendant's motion to correct. The court declined to correct or change its order of January 13, 1981, in any way.

The plaintiff's appeal does not challenge the court's formula. The plaintiff narrowly claims that the court erred in its calculation and that the court's refusal to correct its modification by a greater reduction constituted an abuse of discretion. The defendant urged the upholding of the order on the basis of the use of the court's formula but, in her cross appeal, she claimed various errors in the court's application of the formula.

We agree with the court's conclusion that the inclusion or exclusion of $700 monthly payment made no significant difference in the result as long as it was handled the same way in the 1979 and 1980 affidavits of the defendant. We conclude that the court's modification order of January 13, 1981, and its refusal to change it violated neither law, logic nor reason. *Sanchione* v. *Sanchione*, 173 Conn. 397, 402, 378 A.2d 522 (1977). "This court may reject a factual finding if

it is clearly erroneous, in that as a matter of law it is 'unsupported by the record, incorrect, or otherwise mistaken.' " *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984), quoting *Garrison* v. *Garrison,* 190 Conn. 173, 176, 460 A.2d 945 (1983); see Practice Book § 3060D.

Because of the trial court's advantageous position to assess the credibility factors significant to its determination, its decision will not be disturbed on appeal unless it acted illegally or unreasonably. *Cummock* v. *Cummock,* 188 Conn. 30, 35, 448 A.2d 204 (1982); *Moore* v. *Moore,* 187 Conn. 589, 591, 447 A.2d 733 (1982); *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982).

The ultimate test of the abuse of discretion standard is whether the court could reasonably conclude as it did. *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980). We conclude that the court did not abuse its discretion and acted neither illegally or unreasonably.

There is no error concerning the appeal or the cross appeal.