TERESA D. M. DETEVES *v.* DINIS C. DETEVES
(2390)

HULL, DUPONT and BORDEN, Js.

Argued May 9—decision released September 18, 1984

*Robert J. Papp,* with whom, on the brief, was *Warren Miller,* for the appellant (plaintiff).

*Nancy O. Dodge,* for the appellee (defendant).

DUPONT, J. In this appeal[1] from the judgment in an action for dissolution of a marriage, the plaintiff claims

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

that the trial court erred in its failure to award her periodic alimony and in its disposition of property incident to that judgment.[2]

The parties, both natives of the Azore Islands, were married in 1971. No children were born of the marriage. The defendant had lived in the United States some time before the marriage; the plaintiff came to the United States for the marriage, after meeting the defendant in the Azores. The plaintiff does not speak English and her testimony was presented to the court through an interpreter. When the case was tried, the defendant was in the Azores but was represented by counsel.

During the marital years, the plaintiff led an isolated, lonely life. She did not work, was unable to drive because the defendant would not allow her to learn, and her life was largely house-bound. At the time of the trial, the plaintiff was fifty-three years old and suffered from diabetes and respiratory ailments. She had had a gall bladder operation several years earlier and testified that she had obtained medical treatment twice in the six months prior to trial. The trial court in its memorandum of decision stated that "she appeared . . . to be in fairly good health presently." The defendant was forty-nine years old at the time of the trial.

Prior to the marriage, the plaintiff taught embroidery and sewing in the Azores in what would be the equivalent of a high school in the United States. At the time of the marriage, the defendant owned a three family house. It had no mortgage, and the defendant valued it at $30,000 in his financial affidavit. The parties lived in that house and the defendant collected rent for the remaining two apartments. The husband's

---

[2] Another issue, whether the court could award the defendant an interest in assets which he did not seek in his cross complaint, was not briefed by the plaintiff and is deemed abandoned. *State* v. *Samaha,* 180 Conn. 565, 565 n.1, 430 A.2d 1290 (1980).

financial affidavit showed a net weekly rental income from the home of $150. During the marriage, the parties purchased ten acres of land in the Azores in their joint names. They also accumulated approximately $39,000 in savings accounts which were held jointly. In 1981, the year in which suit was instituted, the defendant was employed in Connecticut and earned approximately $20,000.

The trial court awarded the plaintiff approximately $21,700 as lump sum alimony, leaving the defendant with the family home, the land in the Azores, and approximately $20,000 in savings. The trial court found that the plaintiff "would be able to get some employment using her skills in embroidery and sewing." It refused to award the plaintiff any periodic alimony, finding that periodic alimony would be impractical since the husband was in the Azores either temporarily or permanently.

The plaintiff claims that the court's finding that she was employable is contrary to the evidence, and that the court's finding that an award of periodic alimony would be impractical is unsupported by any evidence at all.

The financial awards of a trial court in a dissolution action should not ordinarily be disturbed; *Anderson* v. *Anderson,* 191 Conn. 46, 57, 463 A.2d 578 (1983); unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981). Although a trial court's orders in matrimonial matters are usually presumed correct because the trial court is in a clearly advantageous position to assess all the circumstances surrounding a dissolution action; *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982); this is one of those rare instances in which the trial court abused its broad discretion by misapplying the law and

making crucial findings which were not reasonably supported by the facts. *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982).

The facts elicited in the plaintiff's testimony depict an individual of plainly questionable employability. The plaintiff is a middle-aged woman who came to this country to get married. At the time of trial, she had not worked in at least ten years, and even that employment was in another culture. At her age, and given her health problems and her level of job experience, her prospects for employment would not be impressive even were she a native born American without language difficulties. This is a situation where rehabilitative or time limited alimony, at the very least, would appear appropriate. The policy underlying the concept of time limited alimony is that "such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency." *Markarian* v. *Markarian,* 2 Conn. App. 14, 16, 475 A.2d 337 (1984).

Given the plaintiff's age and her meagre marketable skills on the American labor market, it is likely that upon the exhaustion of the lump sum alimony awarded to her, the state will eventually have to assume the burden of her support. This would be at odds with the very concept of alimony. Alimony is based upon the continuing duty of one divorced spouse to support the other who, in legal contemplation, has been abandoned. *Shrager* v. *Shrager,* 144 Conn. 483, 487, 134 A.2d 69 (1957). "[Our law] defines that duty in terms of money, or property, and decrees specific performance of it; and the State itself has a social and financial interest in the performance of that duty." *Wright* v. *Wright,* 93 Conn. 296, 300–301, 105 A. 684 (1919).

The trial court concluded that it would be impractical to order any periodic alimony. The transcript reveals

no evidence of whether such an award would be ineffec-
tual. In fact, the evidence is to the contrary. The
defendant owned income-producing real estate in Con-
necticut, had worked in Connecticut, and may have only
left this country temporarily. The defendant's property,
even if the defendant had no income-producing employ-
ment, would provide a res for the payment of periodic
alimony.

The function of appellate review is to decide whether
the decision of the trial court was " 'clearly erroneous
in view of the evidence and pleadings in the whole rec-
ord'; Practice Book § 3060D . . . and 'where the fac-
tual basis of the court's decision is challenged we must
determine whether the facts set out in the memoran-
dum of decision are supported by the evidence . . . .'
*Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn.
217, 221, 435 A.2d 24 (1980)." *Gallo* v. *Gallo,* 184 Conn.
36, 38, 440 A.2d 782 (1981). The facts in the trial court's
memorandum of decision in connection with the plain-
tiff's employability and the reason for the failure to
award periodic alimony are not supported by the evi-
dence. Although awards of alimony are rarely disturbed
upon appellate review, "this practice does not estab-
lish the proposition that such an award should never
be disturbed, but rather that it should be disturbed only
under the clearest circumstances." *Ehrenkranz* v.
*Ehrenkranz,* 2 Conn. App. 416, 421, 479 A.2d 826
(1984), quoting *Shrager* v. *Shrager,* supra, 487; see
*Jackson* v. *Jackson,* 2 Conn. App. 179, 478 A.2d 1026
(1984).

The facts of this case did not establish the present
employability of the plaintiff nor did they establish that
the payment or collection of periodic alimony was not
feasible. General Statutes § 46b-82 provides the criteria
to be considered by the trial court for alimony awards.
The impracticability of the collection of alimony is not
one of the standards of that section.

There is error, the judgment is set aside as to alimony and the division of property and the case is remanded for a rehearing on the questions of alimony and division of property in accordance with this opinion.

In this opinion the other judges concurred.