## STEPHEN C. ELDRIDGE *v.* PHYLLIS ELDRIDGE
### (2797)

HULL, SPALLONE and DALY, Js.

Argued April 2—decision released July 16, 1985

*Wesley W. Horton,* with whom, on the brief, were *Mark A. Rubenstein* and *Alexandra Davis,* for the appellant (plaintiff).

*Arthur E. Balbirer,* with whom, on the brief, was *Gaetano Ferro,* for the appellee (defendant).

SPALLONE, J. The plaintiff brought this action for the dissolution of the parties' seventeen and one-half year marriage. The trial court rendered judgment dissolving the marriage and entered certain financial orders from which the plaintiff now appeals.

The parties were married on February 19, 1966, and have two minor children, one born in 1969 and the other in 1971. When the parties were married, the plaintiff was in his third year of law school. After he completed law school, he obtained a master's degree in taxation from New York University and became a certified public accountant. At present, he is a partner in a New York accounting firm which he joined in 1968, becoming a partner in 1975. His gross earnings for the fiscal year which ended on September 30, 1982, were $155,250. The defendant works as a teacher's aide, receiving a gross amount of approximately $90 per week over the course of a forty-two week school year. On an infrequent basis, she also works as a substitute teacher at a per diem rate of $35.

The trial court found that the marriage had broken down irretrievably and that the breakdown was caused by the plaintiff's conduct. The court awarded custody of the minor children to the defendant, with liberal visitation rights granted to the plaintiff. It further awarded the defendant $65,000 per year in unallocated alimony and child support, provided that this sum would be reduced by $15,000 per year when each child reached the age of eighteen; the family residence with all furnishings, except for the plaintiff's personal belongings and effects; $50,000 in lump sum alimony, payable over five years at $10,000 per year; and counsel fees of $5000. The court ordered the plaintiff to provide medical insurance for the children and to pay one half of their uninsured medical expenses until they reach the age of eighteen. It also ordered the plaintiff to continue in effect all life insurance policies shown on his financial affidavit filed with the court, with the defendant and both children as irrevocable beneficiaries, until the eighteenth birthday of the youngest child.

In addition, the decree contained the following order: "It is contemplated at this time that the defendant will

continue her present part-time employment and that in the future she will be employed full-time, however such employment shall not be considered a change of circumstances until her gross annual income from earnings shall exceed Twenty-Five Thousand Dollars. One-half of the amount by which her earnings exceed Twenty Five Thousand Dollars shall be deducted from the periodic unallocated alimony and support hereinbefore awarded."

On appeal, the plaintiff attacks the totality of the financial awards. Specifically, he claims that the trial court erred in awarding both periodic and lump sum alimony, in ordering security for support payments "far" in excess of the amount of maximum possible future payments, in circumscribing the discretion of a later court in determining what constitutes a substantial change in circumstances, and in awarding counsel fees.[1]

Our courts have repeatedly held that the trial court must have broad discretion in fashioning awards in dissolution of marriage cases. See, e.g., *Sweet* v. *Sweet,* 190 Conn. 657, 662, 462 A.2d 1031 (1983); *Katreczko* v. *Katreczko,* 1 Conn. App. 686, 687, 475 A.2d 323 (1984). That discretion is a result of the equitable nature of such matters. *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982); *Osborne* v. *Osborne,* 2 Conn. App. 635, 643, 482 A.2d 77 (1984). The action of a trial court will not be disturbed on appeal unless that court abused its legal discretion. This is so because the trial court has a "distinct advantage over an appellate court in dealing with domestic relations, where all the surrounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627 (1948), quoted

---

[1] At oral argument before this court, the plaintiff withdrew a claim of error regarding the award of custody.

in *Sands* v. *Sands,* 188 Conn. 98, 101, 448 A.2d 822
(1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74
L. Ed. 2d 997 (1983). Thus, when financial awards in
a dissolution action are questioned on appeal, great
weight is given to the trial court's judgment because
of its unique opportunity to observe the parties and the
evidence. *Timm* v. *Timm,* 195 Conn. 202, 206, 487 A.2d
191 (1985). As a result, our review in a case such as
this is restricted to determining whether the trial court
correctly applied the law and could reasonably have con-
cluded as it did. Id., 210. In this case, we find no error.

There is no merit in the plaintiff's first claim of error
in which he challenges the award of both periodic and
lump sum alimony. The amount and type of alimony
which may be awarded under General Statutes § 46b-82
is for the court to determine within the exercise of its
wide judicial discretion. *Carpenter* v. *Carpenter,* 188
Conn. 736, 742, 453 A.2d 1151 (1982). If, in exercising
this discretion, the trial court determines that equity
would best be served by awarding both lump sum and
periodic alimony, it may do so. See *Holley* v. *Holley,*
194 Conn. 25, 30–32, 478 A.2d 1000 (1984). Notwith-
standing our reluctance to disturb awards of alimony,
a trial court risks reversal upon appeal for not award-
ing both lump sum and periodic alimony if such an order
is clearly supported by the evidence. See, e.g., *Deteves*
v. *Deteves,* 2 Conn. App. 590, 594, 481 A.2d 92 (1984).

The plaintiff next argues that the court erred in
ordering security for payments "far" in excess of the
amount of the maximum future support for which he
could be liable. The security which the plaintiff claims
is excessive consisted of life insurance policies which
were shown on his affidavit as having a value of
$650,000. The plaintiff's argument that the security is
excessive is premised upon the assumption that the
order regarding life insurance was intended as secur-
ity for *child support.* Had the order, in fact, been so

intended, the plaintiff's position would be plausible. The order, however, did not extend only to child support. The court stated in its memorandum of decision that the life insurance policies were to be continued "with the *defendant and the two children* as irrevocable beneficiaries . . . ." (Emphasis added.) In articulating its decision upon motion by the defendant, the court stated that the order regarding life insurance was intended to "protect" the awards of periodic alimony and support. When the plaintiff's maximum possible obligation to the children *and* the defendant is considered, the order was not excessive.

The third claim of error raised by the plaintiff is that the trial court erred in circumscribing the discretion of a later court in determining what constitutes a substantial change of circumstances. The order which the plaintiff maintains had this effect was the order that the defendant's full-time employment shall not be considered a change of circumstances until her gross annual income from those earnings exceeds $25,000. The plaintiff acknowledges that alimony can be made partially or wholly nonmodifiable under General Statutes § 46b-86 (a). He contends, however, that the court exceeded the authority conferred by that statute in making this order.

Provisions which preclude modification of alimony tend to be disfavored. See, e.g., *Cummock* v. *Cummock,* 180 Conn. 218, 222, 429 A.2d 474 (1980); *Calorossi* v. *Calorossi,* 4 Conn. App. 165, 168, 493 A.2d 257 (1985); *Bronson* v. *Bronson,* 1 Conn. App. 337, 339, 471 A.2d 977 (1984). Where an order purporting to preclude modification of alimony is ambiguous, the award will be treated as modifiable. *McGuinness* v. *McGuinness,* 185 Conn. 7, 9, 440 A.2d 804 (1981); *Scoville* v. *Scoville,* 179 Conn. 277, 280, 426 A.2d 271 (1979); *Bronson* v. *Bronson,* supra. Where a provision which precludes or restricts a later court's power to modify financial orders

is clear and unambiguous, however, it will be upheld. See, e.g., *Solo* v. *Solo,* 2 Conn. App. 290, 478 A.2d 255 (1984).

In this case, the court, in the exercise of its discretion, designated a dollar amount above which it felt the defendant's self earned income signified an adequate level of independence to constitute a change in circumstances. At that point, her entitlement to alimony under the initial award would be subject to modification upon motion by the plaintiff. The condition, which limits but does not preclude a later court from modifying the plaintiff's alimony obligation, is clear and unambiguous. The decree spells out with certainty the extent to which modification is precluded, and we will not inject into its language ambiguities which are not there.

The plaintiff's final claim of error is that the trial court erred in awarding the defendant counsel fees of $5000. The determination of whether to award counsel fees falls within the discretion of the trial judge. General Statutes § 46b-62; *Weiman* v. *Weiman,* 188 Conn. 232, 236, 449 A.2d 151 (1982). "That a party has sufficient funds to pay the attorney does not preclude an award for counsel fees. *Arrigoni* v. *Arrigoni,* 184 Conn. 513, 519, 440 A.2d 198 (1981). Rather, the question the court must address is whether the defendant had ample liquid funds to pay counsel fees. *Koizim* v. *Koizim,* 181 Conn. 492, 435 A.2d 1030 (1980). If the court could reasonably have concluded that the defendant's financial resources, even when supplemented by the financial orders contained in the judgment, were necessary to meet her future needs and therefore were not available to pay counsel fees, there was no abuse of discretion." Id., 236–37. Having considered the totality of the circumstances reflected in the court's financial awards, we conclude that the award of counsel fees fell within the parameters of the trial court's judicial

discretion. *Vaiuso* v. *Vaiuso*, 2 Conn. App. 141, 151, 477 A.2d 678, cert. denied, 194 Conn. 807, 483 A.2d 275 (1984).

There is no error.

In this opinion the other judges concurred.