### Saunders v. Chan
### Case No. 2523
### Wayne County, (9th)
### Decided February 28, 1990
[Cite as 1 AOA 328]

*Charles A. Kennedy, Attorney at Law, 558 N. Market St., Wooster, OH 44691 for Plaintiff.*

*David P. Bertsch, Attorney at Law, 50 S. Main St., Akron, OH 44309 for Defendant.*

QUILLIN, P. J.

The main issue presented in this appeal is whether a party is entitled to the face value of a life insurance policy under Connecticut law when the separation agreement fails to specifically state whether the required insurance policy is meant as security for a concurrent support obligation. We agree with the trial court that the party is entitled to the face value of the policy.

However, we reverse based on the other assignments of error.

Nancy and Roy Saunders were divorced in 1973. Their Connecticut divorce decree incorporated a separation agreement in which Mr. Saunders agreed to name Cristina as the beneficiary of a life insurance policy with a face value of $100,000 until Cristina completed her college education.

Instead, Mr. Saunders named his second wife as beneficiary of a life insurance policy in the amount of $70,000. Mr. Saunders died on September 12, 1987 in Wooster, Ohio. Cristina was seventeen years old when her father died.

In *Saunders* v. *Chan* (Dec. 14, 1988), Wayne App. No. 2396, unreported, we affirmed the order of the trial court placing the $70,000 in a constructive trust for Cristina's benefit.

At his death, Mr. Saunders' had an employee pension plan with an approximate value of $81,900. Cristina was receiving these pension benefits in the amount of $2,130.74 per month.

The trial court entered judgment against Mr. Saunders's estate and in favor of Nancy on behalf of Cristina for $30,000 which is the difference between the $70,000 value of the insurance policy and the $100,000 agreed to in

the separation agreement. The trial court also awarded judgment in favor of Nancy in the amount of $80,000 for past and future college expenses. The trial court also ordered that the monthly child support obligation of the estate be credited with the pension payments received by Cristina.

Laura Chan, as the executrix of Mr. Saunders's estate, raises four assignments of error.

### ASSIGNMENTS OF ERROR

"III. The trial court committed prejudicial error as a matter of law in awarding judgment against the estate in the amount of $30,000.00 for breach of a provision contained in a separation agreement/divorce decree that decedent maintain insurance on his life for the benefit and support of his daughter during the period of his support obligation where such an insurance provision was only to serve as security for the support obligation under Connecticut law.

"IV. The trial court committed prejudicial error as a matter of law in awarding judgment against the estate in the amount of $30,000.00 based upon decedent's failure to maintain the full amount of insurance on his life for the benefit and support of his daughter as called for in the separation agreement, where decedent did in fact secure benefits payable to his daughter on his death in excess of this amount through his employment pension plan."

Because both assignments of error concern the issue of whether the insurance policy was intended as security for Mr. Saunders' child support obligations, they will be addressed together.

The separation agreement, which was incorporated into the divorce decree, provides that in construing the provisions of the agreement, the laws of the State of Connecticut apply.

Conn. Gen. Sta. Ann. Section 46b-84(d) provides:

"After the granting of a decree annulling or dissolving the marriage or ordering a legal separation, and upon complaint or motion with order and summons made to the superior court by either parent or by the commissioner of administrative services in any case arising under subsection (a) of this section, the court shall inquire into the child's need of maintenance and the respective abilities of the parents to supply maintenance. *The court shall make and enforce the decree for the maintenance of the child as it considers just, and may direct security to be given therefor, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party.* The court may order either parent to name any child under eighteen as a beneficiary of any medical or dental insurance or benefit plan carried by such parent or available to such parent on a group basis through an employer or a union." (Emphasis added.)

Pursuant to this section, a court may order a parent to secure his financial obligations to his child by directing the parent to obtain a life insurance policy. In *Broaca* v. *Broaca* (1980), 181 Conn. 463, 435 A. 2d 1016, the Supreme Court of Connecticut held that requiring the parent with the duty of child support to name his child as beneficiary of his life insurance policy is permissible under Section 46b-84 where the order does not extend beyond the age of majority. *Id.* at 1017. Therefore, this method of securing continued support of the child in the event that the parent dies prior to the child's age of majority is permissible. *Id.*; *Eldridge* v. *Eldridge* (1985), 4 Conn. App. 489, 495 A. 2d 283, *Caracansi* v. *Caracansi* (1985), 4 Conn. App. 645, 496 A. 2d 225.

Under Connecticut law, the parties may agree to terms different than what is required by law, and therefore may agree that the payment of child support will extend beyond majority. *Venuti* v. *Venuti* (1981), 185 Conn. 156, 440 A. 2d 878, 881 f.n. 3. Thus, child support orders may not extend beyond a child's eighteenth birthday unless the order is a result of the incorporation of a written agreement of the parties. *Gallo* v. *Gallo* (1981), 184 Conn. 36, 440 A. 2d 782, 788, f.n. 6.

Similarly, Ohio law provides that a parent's duty to support ends at the age of eighteen unless the parent agrees to support the child beyond the age of majority. See *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1; *Bugay* v. *Bugay* (1977), 53 Ohio App. 2d 285, 287-88. In Ohio also, the parent's agreement to support the child may extend to the payment of college expenses. See *Gilford* v. *Wurster* (1983), 24 Ohio App. 3d 77.

In this instance, the parties agreed that Mr. Saunders would maintain a $100,000 life insurance policy with Cristina as the beneficiary of the policy until she completed her college education. In examining the separation agreement, the language of the agreement does not specify whether the insurance policy was intended as security for the payment of Mr. Saunders' child support obligation. We can find no Connecticut law which addresses a situation such as we have before us, nor has either party provided any Connecticut law on this specific issue. Accordingly, we look to how Ohio has treated such an agreement under these circumstances. *Kelly* v. *Medical Life Ins. Co.* (1987), 31 Ohio St. 3d 130 is right on point. The obligation to maintain the life insurance policy, as set forth in the decree, is separate and in addition to the child support obligation. As in *Kelly,* there is no indication that the life insurance obligation was related to the child support obligation except for purposes of duration. Therefore, the trial court properly concluded that the life insurance was not intended as security for the support obligation. The assignments of error are overruled.

### ASSIGNMENT OF ERROR I

"The trial court committed prejudicial error as a matter of law in awarding judgment against the estate for college expenses of decedent's daughter that had already been paid through decedent's employment pension plan benefits."

It is undisputed that Cristina is receiving $2,130.74 per month as a result of Mr. Saunders' United Airlines pension. She has been using this money to pay college and living expenses. The trial court determined that the pension was to be credited toward the monthly child support payments, but not credited toward the obligation to pay Cristina's college expenses.

However, we can see no valid distinction between Mr. Saunders' legal obligation to pay monthly child support and his obligation to pay her college expenses as agreed in Article III and Article VII of the separation agreement and the rider contained in paragraphs 3.2(a) and 3.2(b).

Therefore, the pension benefits accruing to Cristina must also be credited against the college expense obligation owed by the estate pursuant to Article VII of the separation agreement.

The assignment of error is well taken.

### ASSIGNMENT OF ERROR II

"The trial court committed prejudicial error as a matter of law in awarding a lump sum judgment against the estate for future college expenses of a contingent nature not presently due and payable under the separation agreement/divorce decree."

Because of our disposition of Assignment of Error I, this assignment of error is moot.

The judgment is affirmed as to Assignments of Error III and IV. The judgment is reversed as to Assignments of Error I and II.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

CACIOPPO, J., CIRIGLIAGNO, J., Concur.