[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR TERMINATION OF ALIMONY #116 AND PLAINTIFF'S MOTION FOR MODIFICATION OF SUPPORT #117
The court dissolved the marriage of the parties on June 20, 1986 and entered orders, inter alia, that the defendant pay plaintiff $125.00 weekly alimony for a period of seven and one-half years. Defendant's motion #116 now maintains that plaintiff's subsequent remarriage on July 27, 1991 terminates his obligation to pay alimony.
Defendant cites the following cases in support of his contention that remarriage terminates the first husband's responsibility to continue alimony payments albeit an express agreement and court order that the alimony would continue for a period of seven and one half-years. Cary v. Cary, 112 Conn. 256, Viglione v. Viglione, 171 Conn. 213, Laspragato v. CT Page 162 Laspragato, 127 Conn. 510 and Connecticut General Statutes 46b-86.
In support of her opposition to this motion, the plaintiff cites Lawler v. Lawler, 16 Conn. App. 193, Eldridge v. Eldridge,4 Conn. App. 489, Solo v. Solo, 2 Conn. App. 290, Calorossi v. Calorossi, 4 Conn. App. 165, and Lilley v. Lilley, 6 Conn. App. 253, and Scoville v. Scoville, 179 Conn. 277.
The court has reviewed these cases and concludes that there is no case law or statutory provision in Connecticut which holds that remarriage automatically terminates alimony where there is an agreement of the parties and an order of the court setting a non modifiable period of time for the alimony to be paid.
During the June 20, 1986 hearing the plaintiff's attorney recited for the record that "the alimony order will continue for a period of seven and one half years, your honor." Defendant's attorney later in the hearing added "we have agreed that the alimony period of seven and one half years will be non-modifiable as to terms." Thereafter defense counsel once again stated "non-modifiable as to term to which the court replied "he also adds the provision non-modifiable." The court then thoroughly canvassed both parties and asked the defendant if he "heard the agreement that's been decided," "did he understand it completely and is it acceptable to you". The defendant answered all questions in the affirmative. The court then stated "the court adopts as part of the judgment all of the agreement which has been stated in court and agreed to by the parties and approves the agreement and orders that it may enter as part of the judgment." There can be doubt that the parties agreed the alimony award was non-modifiable and that this agreement was ordered by the court. This conclusion is fortified by the absence of any language in the agreement to the effect that remarriage of the wife would terminate the alimony.
Further, Connecticut General Statute 46b-86 specifically provides that "unless and to the extent that the decree precludes modification (emphasis added) any final order for the periodic payment of alimony . . . may be set aside, altered or modified." The facts in this case, the agreement of the parties and the court decree preclude modification of the alimony award.
The plaintiff also argues that where the alimony is fixed as to term it is in effect the payment of a lump sum payable over a period of time. Therefore, it falls outside the purview of the statute and is not subject to modification.
Defendant's motion for termination of alimony is denied.
Plaintiff's motion #117 is for modification of support. CT Page 163 The 1985 financial affidavit of the plaintiff disclosed gross weekly income of $166.00 and the defendant showed $440.00 weekly. The present financial affidavit of the defendant reflects a weekly income of $1,038.00 and the plaintiff shows $491.00. Both of the parties have remarried and have new obligations and responsibilities. The court finds the requisite substantial change in circumstances of the parties in regard to child support. The court has given due consideration to the Connecticut Child Support Guidelines and the deviation criteria (F) and (G) and orders that the defendant pay $145.00 weekly to the plaintiff for the support of the minor child commencing with his next due payment.
BALLEN, JUDGE