[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION DATED DECEMBER 1, 1995 TO REOPEN AND SET ASIDE,CLARIFY, CORRECT, ARTICULATE AND REARGUE JUDGMENT OF NOVEMBER 13, 1995
1. The plaintiff (formerly the husband) requests the court to reconsider finding him in wilful contempt for his failure to pay the defendant (the wife) alimony of $2,916.55 per month from August 7, 1994 to September 10, 1995, for a total alimony arrearage of $41,875. He argues that because the court also found him to be entitled to a credit of $57,765.28 from the defendant (wife), for earnings she had in excess of $25,000, the finding of wilful contempt was in error as a matter of law. It was undisputed the plaintiff unilaterally stopped making his monthly alimony payment of $2,916.65 on August 7, 1994, without obtaining court approval from the court or filing a motion for modification pursuant to § 46b-86 of the Conn. Gen. Stat. The court found his non-payment of alimony to be a wilful contempt.
All court orders must be complied with until they are modified or successfully challenged. Conn. National Bank v.Investors Capital Corp., 29 Conn. 48, 56 (1992). In affirming the original judgment orders of November 9, 1983 (Levine, J., State Trial Referee), the appellate court stated that any modification of the alimony order would be subject to a motion for modification by the plaintiff. Eldridge v. Eldridge, 4 Conn. App. 489
(1983). The fact that the court also found the plaintiff (husband) was entitled to an alimony credit of $57,765.28 from the defendant (wife) for earnings she made as a school teacher from 1987 to 1995 which exceeded $25,000 did not excuse him from filing motion for modification pursuant to § 46b-86 C.G.S. and obtaining court approval prior to his terminating payment of the alimony order.
2. The court has the authority to grant a reasonable attorney's fee to the prevailing party after finding the other party in contempt. Section 46b-87 Conn. Gen. Stat. An award to the prevailing party of $15,000 in attorney's fees out of a total legal fee of $33,731.25 was reasonable.
3. The court did not assess interest against the credits awarded either party because neither of them had acted in bad faith. The plaintiff paid the monthly alimony order of $2,916.65 from the original dissolution judgment in 1983 to August 1994. Therefore, the court did not assess interest against him on the CT Page 2084 alimony arrearage of $41,875. Interest was not assessed against the defendant (wife) because between 1987 through 1992, she paid one-half of their children's college expenses totalling $108,607.75, therefore interest was not assessed against the plaintiff's credit of $57,765.
4. The modification of the monthly alimony order from $2,916.05 to $1,250 became effective on December 1, 1995.
5. The court found a substantial change had occurred in the defendant's (wife) financial circumstances from the time the original judgment was entered in November 7, 1983. After so finding, the court is required to consider the statutory criteria set forth in the alimony statute, § 46b-82 C.G.S., including the current financial needs and income of the parties. The court must consider the amount of alimony, if any, is fair and equitable under current circumstances. Borkowski v. Borkowski,228 Conn. 729 (1994).
The court accepted and found the current financial affidavits of the parties and their testimony to be credible. The defendant (wife) currently earns a net monthly income of about $3,700 and her living expenses are about $4,988, a shortfall of about $1,288 per month. The court found a fair alimony order would be $1,250 and modified the original order accordingly. Borkowski v.Borkowski, supra. From their testimony, the court found their present lifestyles are comfortable, except his monthly living expenses are $14,800 or about three times her expenses. He will have to adjust his living expenses to his current net monthly income of about $8,500.
Both parties are single and live in large single family dwellings in Westport and Weston. The plaintiff (husband) is currently working as a financial consultant with net earnings of $8,500 a month. At the time of the original judgment in 1983, his net monthly income was listed at $4,822.05. His assets have also increased from $256,340 in 1983 to $1,365,000 in 1995 based on his current financial affidavit. He will have to reduce his monthly living expenses of $14,800 to his current income in order to pay the $1,250 alimony order, which the court finds him able to do.
The court has reconsidered its prior finding that there was no substantial change in the plaintiff's circumstances and now finds that an increase of about $3,600 in monthly earnings and CT Page 2085 over $1 million in assets constitutes a substantial change in his financial circumstances under § 46b-86 Conn. Gen. Stat.
For these reasons, the plaintiff's motion to set aside, clarify, articulate, and reargue is denied.
ROMEO G. PETRONI, JUDGE