DEBORAH AMODIO *v.* VINCENT AMODIO
(AC 15692)

Dupont, C. J., and Landau and Hennessy, Js.

Argued February 24—officially released July 15, 1997

*Richard L. Goldblatt*, with whom, on the brief, was *Michael Boardman*, for the appellant (plaintiff).

*Donald L. Altschuler*, with whom, on the brief, was *Paul J. Dorsi*, for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for modification of child support awarded to the plaintiff upon the dissolution of their marriage. On appeal, the plaintiff claims that the trial court improperly reduced an order of child support solely because the court that rendered the judgment of dissolution had failed to make a specific finding that a substantial upward deviation from the child support guidelines was warranted. We reverse the judgment of the trial court.

On July 31, 1990, the parties stipulated, pursuant to General Statutes § 46b-51, that their marriage had broken down irretrievably and requested a dissolution. The parties submitted a lengthy and comprehensive written separation agreement that covered, inter alia, alimony, child support and division of assets. On July 31, 1990, the marriage was dissolved and the agreement, which awarded the plaintiff $325 per week in child support for their two minor children, was approved by the trial

judge as an order of the court.[1] The agreement specifically provided that "[t]here shall be no alimony award to either party."

On April 7, 1995, the defendant sought a modification of the support order. He alleged that the order did not conform to the 1994 child support guidelines and, therefore, should be modified. In addition, the defendant alleged that the order did not conform to the child support guidelines in effect at the time of the original order. After reviewing financial affidavits and hearing testimony, the trial court granted the defendant's motion and ordered a downward modification of the support order to conform to the guidelines now in effect. The modified support order required the defendant to pay $220 per week. The trial court based the modification on the original dissolution court's substantial deviation from the guidelines and its failure to make a specific finding on the record that the application of the guidelines would be inequitable or inappropriate pursuant to General Statutes § 46b-215b (a). The plaintiff appeals from the granting of the motion to modify.

As a threshold matter, we must consider, sua sponte, whether the trial court had jurisdiction to modify the support order.[2] "This court may raise the issue of subject matter jurisdiction sua sponte. Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Serrani v. Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993)." (Internal quotation marks omit-

---

[1] The judgment provided: "It is adjudged and decreed that the parties comply with the provisions of an Agreement between them dated July 26, 1990, which is found by the Court to be fair and equitable under all circumstances and is approved and incorporated herein by reference."

[2] In the present appeal, neither party addressed the first line of General Statutes § 46b-86 (a), which provides: "Unless and to the extent that the decree precludes modification . . . ." In applying the plain language of the statute, we find that the trial court had limited jurisdiction to modify the original order of the child support.

ted.) *L & G Associates, Inc.* v. *Zoning Board of Appeals*, 31 Conn. App. 12, 13, 623, A.2d 494 (1993).

Pursuant to General Statutes § 46b-86 (a),[3] the trial court has continuing jurisdiction to modify orders for periodic payment of permanent or pendente lite alimony or support, subject to proof of certain statutory conditions. *Bunche* v. *Bunche*, 180 Conn. 285, 289, 429 A.2d 874 (1980). Its jurisdiction to modify, however, is limited. Under the statute, modification is allowed "[u]nless and to the extent that the decree precludes modification . . . ." General Statutes § 46b-86 (a). Here, the parties' separation agreement, which was incorporated into the dissolution judgment, provided that, "[t]his Agreement and the supporting Affidavit of Financial Circumstances is predicated on a wage increase on the level of $900 per week including overtime work which the Husband expects to be able to maintain. It is agreed that any modification of support orders sought in the future shall be based upon a change in circumstances reflecting an increase in gross wages above the base of $900 per week as stated in the affidavit filed herewith." We now must, therefore, decide whether this provision effectively limited the trial court's power to modify the support order.

"Provisions which preclude modification of alimony [or support] tend to be disfavored." *Eldridge* v. *Eldridge*, 4 Conn. App. 489, 493, 495 A.2d 283 (1985); see also *Cummock* v. *Cummock*, 180 Conn. 218, 222, 429 A.2d 474 (1980); *Scoville* v. *Scoville*, 179 Conn. 277,

---

[3] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . ."

279, 426 A.2d 271 (1979). If a provision purportedly precluding modification is ambiguous, the order will be held to be modifiable. *McGuinness* v. *McGuinness*, 185 Conn. 7, 9, 440 A.2d 804 (1981); *Scoville* v. *Scoville*, supra, 179 Conn. 280; *Rau* v. *Rau*, 37 Conn. App. 209, 212, 655 A.2d 800 (1995). "Where a provision which precludes or restricts a later court's power to modify financial orders is clear and unambiguous, however, it will be upheld." *Eldridge* v. *Eldridge*, supra, 493–94; see also *Solo* v. *Solo*, 2 Conn. App. 290, 293, 478 A.2d 255 (1984).[4]

In *Eldridge* the decree contained a clause that stated: "It is not contemplated at this time that the defendant will continue her present part-time employment and that in the future she will be employed full-time, however such employment shall not be considered a change of circumstances until her gross annual income from earnings shall exceed Twenty-Five Thousand Dollars." *Eldridge* v. *Eldridge*, supra, 4 Conn. App. 491. The plaintiff claimed that in incorporating this provision into the dissolution judgment, the trial court improperly circumscribed the discretion of a later court in determining what constitutes a substantial change of circumstances. We upheld the trial court's judgment and stated that

---

[4] These cases address the ability of the parties to restrict a court's power to modify alimony. We conclude, however, that in accordance with the provisions of § 46b-86 (a), which precludes modification of alimony or *support* if the decree so provides, the same rationale applies to support orders. See footnote 2.

We further note that the present case is distinguishable from *Guille* v. *Guille*, 196 Conn. 260, 267–68, 492 A.2d 175 (1985), in which the Supreme Court affirmed the trial court's opening of a divorce judgment and deleting the provision purporting to preclude modification of child support and custody because the children were unrepresented by counsel at the time of the original judgment. The present case is distinguishable because it does not involve children unrepresented at the time of the original judgment of dissolution who subsequently want to attack an agreement provision that purports to foreclose modification of support completely. We, therefore, conclude that *Guille* is not applicable here.

"[t]he condition, which limits but does not preclude a later court from modifying the plaintiff's alimony obligation, is clear and unambiguous. The decree spells out with certainty the extent to which modification is precluded, and we will not inject into its language ambiguities which are not there." Id., 494.

The decree in *Solo* also contained a clause that limited the court's power to modify. The decree provided that the plaintiff husband could seek a modification of the court's alimony order only if the defendant wife earned more than $8500 per year. *Solo* v. *Solo*, supra, 2 Conn. App. 291. The trial court modified the award after it found that the defendant's earnings at the time of the hearing exceeded the threshold amount provided in the decree and we upheld the modification. Id., 294.

In the present case, as in *Eldridge* and *Solo*, the decree provision limits the trial court's power to modify. The clause clearly and unambiguously forecloses modification of the support order unless the defendant earns more than $900 per week. We find that this provision effectively limited a subsequent trial court's power to modify the support order. Because the defendant presented the trial court with his financial affidavit, attesting that he earned $900 per week in gross income, the court was without jurisdiction to modify the order.[5]

The judgment of modification is reversed and the case is remanded with direction to render judgment denying the motion to modify.

In this opinion the other judges concurred.

---

[5] Because we conclude that the trial court did not have jurisdiction to modify the order, we do not address the plaintiff's claims on appeal.