[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION
The defendant-wife has moved for a modification of and increase of the unallocated alimony and child support ordered as part of the court's May 13, 1992 dissolution of marriage decree (Kulawicz, J.).
The plaintiff-husband has filed a motion to dismiss the defendant's motion citing a lack of jurisdiction to grant that relief.
The parties agreed to allow the court to hear the motion to modify, notwithstanding the jurisdictional claim.
Having heard argument regarding the defendant's motion for modification, the court makes the following findings and order.
The basis of the plaintiff's objection to any modification of the decree is his claim that the decree expressly precludes modification and he cites Sec. 46b-86 (a), C.G.S. as his authority.
The defendant has argued that nothing in the parties' agreement contemplated the non-modifiability of the child support obligation of the plaintiff.
For the following reasons, the court does not agree with the defendant's claim.
The court has continuing jurisdiction to modify child support, however, the court's jurisdiction is limited. Modification is allowed unless and to the extent that the decree precludes modification. Amodio vs. Amodio, 45 Conn. App. 737,740 (1997). CT Page 9331
Section 46b-86 (a) provides, in part, that any final order for support can be modified unless and to the extent that the decree precludes such modification. The language precluding modification must be clear and unambiguous in order to be upheld. Eldridge vs. Eldridge, 4 Conn. App. 489, 493-94 (1985).
The parties' Separation Agreement dated May 13, 1992 was incorporated into the court's decree and was made part of the judgment of dissolution.
Although ARTICLE VII of the parties' Separation Agreement is captioned "Alimony", it, in fact, deals expressly and consistently with both the support and alimony obligations to be paid by the plaintiff and to the defendant as "unallocated alimony and child support." (Paragraph 7.1).
All subsequent references in the Separation Agreement to the plaintiff's obligations to make periodic payments to the defendant make use of the term "alimony" (rather than "unallocated alimony and child support").
Reading the Separation Agreement as a whole, it is clear that the term "alimony", as used by the parties, was intended to be a shorthanded way of referring to the plaintiff's alimony and support obligations.
This view is further substantiated by the language in Paragraph 7.7 of the Separation Agreement which provides, in part, "In the event that the minor child makes his primary residence with the Husband, the Husband may request a reduction in the payments of alimony." (emp. added).
A change in the physical custody would be an obvious basis for a request to reduce the support obligation, not alimony, per se.
For the foregoing reasons, the court finds that when the parties' agreement referred to "alimony", it was intended to mean unallocated alimony and child support. That interpretation applies throughout the agreement and, most importantly, to that portion of Paragraph 7.6 which provides "the alimony payments provided for in this Article shall be nonmodifiable as to amount and term by the wife and shall be nonmodifiable by the husband as to term." (emp. added). CT Page 9332
For that reason the court finds that the parties' agreement and the decree into which it was incorporated are not modifiable pursuant to Sec. 46b-86 (a), C.G.S.
The court further finds that the final order, as it concerns child support, does not deviate from the support guidelines established pursuant to Sec. 46b-215a, C.G.S.
For the foregoing reasons, the defendant's motion for modification is hereby denied.
By The Court,
Joseph W. Doherty Judge