[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: DEFENDANT'S AMENDED MOTION FORMODIFICATION (#134)
The defendant has moved for modification of the child support order which the parties entered into by stipulation on March 15, 1993 and approved by the court and ordered as a modification of the judgment of dissolution dated May 3, 1990. The amount of child support is determined by application of a formula found in Paragraphs 5.02 and 5.03 of the original agreement and Paragraphs 1, 2 and 3 of the 1993 modification stipulation.
The defendant sets forth two bases for his motion.
 "1. The final decree of the parties substantially deviates from the child support guidelines; and 2. The financial circumstances of the parties has changed substantially."
1. Non-modifiability claim
The defendant is seeking a reduction in his child support order. The plaintiff asserts that the original agreement as amended prohibits modification. Non-modifiability must be found in the language of the judgment. Rau v. Rau, 37 Conn. App. 209. Although that case dealt with periodic alimony, it quotes §46b-86 (a) and cites Scoville v. Scoville, 179 Conn. 277 for the proposition that the legislative preference favors modifiability. This court concludes and holds that preclusion of modification must be found in this dissolution decree as amended by the 1993 modification.
The defendant alleges he is entitled to a modification of his child support since the 1993 formula does not conform to the CT Page 8588 current child support guidelines. At the time the 1993 modification was entered the court made no findings regarding the guidelines. Each party was represented by counsel, and all four signed the stipulation. It does not appear that any findings were requested. It is inferred that the deviation was accepted by the parties.
I. The first issue is whether this court has subject matter jurisdiction to modify the support order. Amodio v. Amodio,45 Conn. App. 737, 739 (1997). The formula found in the original agreement and modified by the 1993 stipulation states:
 "for future computations of child support in accordance the [sic] said Separation Agreement. ." (Emphasis added.)
The provision denies this court the power to modify the support order.
The defendant's motion is denied.
HARRIGAN, J.