[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE PLAINTIFF'S MOTION FOR MODIFICATION (#163)
The plaintiff's motion alleges that the parties entered into a separation agreement that was incorporated into the judgment entered on July 14, 1994 (Ryan, J.) dissolving their marriage.
The plaintiff now moves to modify by praying for an order that the defendant pay the private school expenses for their two children and also ordering a change in Paragraph 6.1 of Article VI — Uninsured Medical Expenses shifting all the burden to the defendant. The provision in the Agreement allocates responsibility two-thirds to the defendant and one-third to the plaintiff. The plaintiff also seeks counsel fees in connection with this proceeding.
The defendant asserts that the judgment prohibits modification at this time in light of the preclusions contained in the Agreement which were incorporated in the judgment.
The court must determine if it has jurisdiction to hear this motion since § 46b-86 (a) provides that if the decree precludes modification, the court thereafter is without jurisdiction to modify.
To quote from the agreement:
"ARTICLE III — UNALLOCATED ALIMONY AND SUPPORT
3.1 Commencing July 1, 1994, during his lifetime, the Husband shall pay to the wife, as unallocated alimony and child support, amounts computed, based on the Husband's gross earnings as hereinafter defined, as follows:
Fifty (50%) percent of the first $130,000 per calendar year; CT Page 11096 plus,
Zero (0%) Percent of the next $20,000 per calendar year; plus,
Fifty (50%) Percent of the next $25,000 per calendar year; and, thereafter,
No further unallocated alimony and child support. (Emphasis added.)
3.2 The Husband's obligation to pay unallocated alimony and child support shall terminate upon the death of either party, or the remarriage of the Wife, or the judicial determination of cohabitation of the Wife as cohabitation is defined in Connecticut General Statute § 46b-(b), or June 30, 2001, whichever event shall first occur."
A preclusion is found in a subsequent paragraph of Article III.
"3.7 The term of this Agreement as set forth herein shall not be extended and shall not be modifiable except as specifically set forth herein. The amount of gross earnings to which the formula for unallocated alimony and child support as set forth in Paragraph 3.1 above and child support as set forth in Paragraph 4.1 below shall not be modified upward for any cause or reasonwhatsoever." (Emphasis added.)
The modification provision must be clear and unambiguous and must be found in the decree. Burns v. Burns, 41 Conn. App. 716,724 (1996). The Agreement became part of the decree by incorporation in accordance with § 46b-66 and the language of Paragraph 3.7 is clear and unambiguous.
An additional preclusion is found in Article XIX — Modification preventing modification unless the same be in writing and executed with the same formality as the original agreement.
A third affirmation is found in Article XVI — Decree which states it is:
 ". . . the intention of the parties that this Agreement be absolute, unconditional and irrevocable."
CT Page 11097
This court finds that it does not have subject matter jurisdiction and therefore does not reach the issues raised by the plaintiff. Amodio v. Amodio, 45 Conn. App. 737 (1997); (cf.Byrne v. Byrne, Stamford J.D. No. 49734, August 14, 1997, 3 Conn. Ops. 1057, September 29, 1997, Tierney, J.).
The plaintiff's motion is denied.
HARRIGAN, J.