[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The issue raised by this Motion to Dismiss is whether or not the court has subject matter jurisdiction to modify a second time an alimony award that contains conditions precedent to modification after that condition precedent was used to obtain an earlier modification.
FACTS
The defendant husband filed a Motion for Modification of Alimony dated September 24, 1996 on the basis that he is underemployed, and his earnings were less than that of the June 29, 1989 judgment as modified. The judgment dissolving the CT Page 4189 marriage incorporated by reference a June 29, 1989 separation agreement. Paragraph 4.2 of the agreement states:
 "Except as provided hereafter in this paragraph 4.2, the alimony payments provided for in paragraph 4.1 hereof shall be non-modifiable as to duration (term) and amount, and any decree of any court incorporating any or all of the provisions of this Agreement shall preclude such modification. The Husband may seek a reduction in the alimony payments only in the event his income from employment is substantially reduced as a result of his involuntary termination of employment, catastrophic illness or accident wherein he is physically unable to work."
The defendant-husband was employed full-time as of the decree. In 1996 his employment was terminated
The defendant was still earning severance pay. He later obtained reduced pay in another job after his severance pay ended. He moved for a modification of alimony alleging that his income from employment was "substantially reduced as a result of his involuntary termination". The defendant's motion to modify was granted on September 24, 1996, and the alimony was reduced from $4,000 per month to $3,500 per month.
After the September 24, 1996 modification, the defendant was laid off. He earned no money thereafter. A second Motion for Modification of Alimony was filed by the defendant alleging a further substantial change in circumstances; i.e. the layoff. On September 30, 1997 the plaintiff filed a Motion to Dismiss the defendant's Motion for Modification of Alimony on the basis that "the Court lacks subject matter jurisdiction in that the conditions precedent to a modification, as enumerated in paragraph 4.2 of the parties' separation agreement as incorporated in the judgment, have not been met."
The parties submitted multiple briefs and offered oral argument on October 20, 1997
DISCUSSION OF LAW
The statute controlling this case is C.G.S. § 46b-86 (a), which states, "[u]nless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, CT Page 4190 set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. . . ." Paragraph 4.2 of the separation agreement was incorporated by reference in the decree in the final decree and precludes modification under certain conditions. Modification is precluded unless certain events occur, i.e. "his income from employment is substantially reduced as a result of his involuntary termination of employment".
Case law permits conditional nonmodifiability. Lawler v.Lawler, 16 Conn. App. 193, 203 (1979) (The conditions of modification was based on the possibility of retirement). Vandalv. Vandal. 31 Conn. App. 561, 564 (1993) (modification from one dollar a year permitted only to seek indemnification); Burns v.Burns, 41 Conn. App. 716, 720 (1996) (remarriage and cohabitation shall not terminate alimony), Byrne v. Byrne, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No 049734 (August 14, 1997, Tierney, J.), 3 Conn. Ops. 1057,20 Conn. L. Rptr. 112 (Any modification of Article V of the parties' Separation Agreement is hereby precluded pursuant to C.G.S § 46b-86, if so ordered by the Connecticut Superior Court.)
A motion to dismiss is the proper method of raising lack of subject matter jurisdiction. P.B. § 10-31(a)(1), P.B. § 25-23 (P.B. 1978-1997, Sec. 143 and Sec. 1213) (Citations after April 7, 1998); Southport Manor Convalescent Center. Inc v.Foley, 216 Conn. 11, 12 (1990). Every presumption favoring jurisdiction should be indulged. Connecticut Light andPower v. Costle, 179 Conn. 415, 421 (1990). A motion to dismiss attacking subject matter jurisdiction is proper in family cases.Labow v. Labow. 171 Conn. 433, 440 (1976). Whether a trial court has authority or not to modify a periodic order by reason of preclusion language in the decree impacts subject matter jurisdiction. Amodio v. Amodio, 45 Conn. App. 737, 740 (1997)
Provisions precluding modification must be contained in the decree in language that is clear and unambiguous. Eldridge v.Eldridge, 4 Conn. App. 489, 493-94 (1985). "Provisions which preclude modification of alimony tend to be disfavored." Id., 493. If the language of preclusion is ambiguous the order will be held to be modifiable. Rau v. Rau, 37 Conn. App. 209, 212 (1995);Cummock v. Cummock, 180 Conn. 218, 222 (1980). "Where a provision which precludes or restricts a later court's power to modify financial orders is clear and unambiguous, however, it will be upheld." Eldridge v. Eldridge, supra, 4 Conn. App. 493
CT Page 4191
The rule as to clear and unambiguous language has also been applied to preclusion of modification clauses where a set of conditions or facts must occur before the modification can be granted. Examples of valid preclusions of modification, until earnings reach a certain threshold, under C.G.S. § 46b-86 areAmodio v. Amodio supra, 45 Conn. App. 740, Solo v. Solo,2 Conn. App. 290, 291 (1984) and Eldridge v. Eldridge, supra,4 Conn. App. 491.
In the present case, the plaintiff argues that the defendant came to court more than one year ago alleging that his employment had been involuntarily terminated, and, as a result, his income was substantially reduced. The defendant obtained a reduction in the alimony. Since that period of time, the plaintiff argues, the defendant has not been re-employed and thus he cannot now claim to have met the threshold test for modification. The plaintiff cites no case law in support of the proposition that a condition of modification can be applied only once.
The defendant counters by arguing that whether his earnings have been substantially reduced by termination of employment has to be determined from the earning level as of the last court ordered modification. Borkowski v. Borkowski, 228 Conn. 729, 736
(1994); Pearl v. Pearl, 43 Conn. App. 541, 544 (1996) Thus, the defendant claims as long as there has been a substantial change of circumstances from the last order granting modification and the paragraph 4.2 conditions have been met, the court has subject matter jurisdiction to modify alimony.
The defendant argues that the language of preclusion of modification in paragraph 4.2 is clear and unambiguous. He was employed and earning $140,000 as of the June 29, 1989 decree He later changed jobs and was terminated in April, 1994. He continued to receive severance payments from his second employer until April, 1995 and sought no modification of alimony. He filed for modification in March, 1996 which was granted on earnings of less than $100,000 per year. The defendant's motion being granted, the original 1989 alimony order of $4,000 per month was reduced to $3,500 per month. That job terminated in the fall of 1996, thereby causing the filing of the instant Motion for Modification.
The defendant argues generally that his employment could CT Page 4192 terminate. Thus, a paragraph 4.2 condition would occur. He could then be rehired. Then this subsequent employment could terminate The language of paragraph 4.2 should not preclude him from applying for a second modification under those conditions. The defendant claims that the clear and unambiguous language of paragraph 4.2 does not preclude multiple modifications.
CONCLUSION
The court finds no reported cases indicating that a conditional preclusion of modification cannot be reutilized absent clear and unambiguous language to the contrary. This court has subject matter jurisdiction pursuant to C.G.S. § 46b-86
(a). The fact that the court has already granted the defendant a modification by reason of the lessening of his income, and his income thereafter further deteriorates, does not preclude modification pursuant to the language of paragraph 4.2. This court does have subject matter jurisdiction.
The Motion to Dismiss is hereby denied.
KEVIN TERNEY, J.