[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal pursuant to Section 46b-231(n) of the General Statutes from the decision of the Family Support Magistrate (Hon. Harris Lifshitz) of December 18, 1998 ordering the plaintiff, Joseph Taitague, to pay $8.00 per week on any arrearage in child support payments, to be held in abeyance until thirty days after any non-compliance. At the time the magistrate entered the order, there was no arrearage and the plaintiff had always made support payments. The magistrate's order was made with the agreement of both Mr. and Mrs. Taitague. Pursuant to the order of this court (Hon. Thomas Bishop), the magistrate articulated the basis for his decision.
The question presented by this appeal is whether a party can consent to the imposition by the court of an arrearage where none exists. Absent such consent, there is no statutory authority permitting a family support magistrate or judge to assess payments on an arrearage which might occur in the future but does CT Page 4106 not exist at the time of the order. Belch v. Emory,
25 Conn. L.Rptr., No. 12, 412 (November 22, 1999) (Gruendel, J.).
The court's jurisdiction to make, modify, and enforce child support orders is derived from the statutes. Because the court does not have subject matter jurisdiction to order payment on a non-existent arrearage which might exist in the future, it cannot make such orders even with the consent of the parties.
 The parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver, or private agreement.
Arseniadis v. Arseniaddis, 2 Conn. App. 239, 242 (1984). Subject matter jurisdiction is a matter of law, and cannot be waived by the parties or conferred upon the court by their consent. Amodiov. Amodio, 45 Conn. App. 737, 739 (1997), cert. granted in part,243 Conn. 963.
Accordingly, the orders of the magistrate with respect to the payments on an arrearage were erroneous and beyond the magistrate's authority. The judgment is reversed and the case is remanded to the magistrate with orders to vacate the orders concerning the arrearage retroactive to the date of the order.
GRUENDEL, JUDGE.