[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant has moved to dismiss the plaintiff's motion to modify alimony, asserting that alimony had terminated by the terms of the judgment prior to the date of the plaintiff's motion, and that the court therefore lacked subject matter jurisdiction. The court heard evidence on the factual issues related to that claim.
The stipulated judgment entered in 1987 provided in part:
 The husband agrees to pay $200.00 per week to the wife said amount to increase to $250.00 per week when child support payments cease. Said payments would cease upon her death, remarriage, cohabitation, or until the husband is retired or attains the age of CT Page 11335 sixty.
A motion to dismiss must be granted if the court lacks subject matter jurisdiction. The court lacks subject matter jurisdiction to modify alimony if the decree precludes modification. Amodio v. Amodio,45 Conn. App. 737, 740 (1997). This judgment does not specifically preclude modification. However, if the defendant reached age sixty or retired prior to the date of the plaintiff's motion, the alimony would automatically have terminated by the terms of the judgment. The court would not thereafter have subject matter jurisdiction to modify alimony, since ". . . once terminated, alimony cannot be restored by subsequent judicial action." Connolly v. Connolly, 191 Conn. 468, 476 n. 6 (1983):
The defendant had not reached the age of sixty prior to the plaintiff's filing of her motion to modify on May 25, 2000. The central question, therefore, is whether he had retired prior to that date. The court concludes that he had not done so. He was involuntarily terminated from his employment effective January 28, 2000. Retirement, however, is the voluntary termination of one's career or employment. Black's LawDictionary, 7th Ed. 1999. After his termination, he looked for work until March, when his wife's terminal illness and need for around the clock medical care required him to remain at home. He did not make the decision not to go back into the job market until June 22, 2000, when his wife died. Moreover, that decision is not irrevocable. The defendant has no intention of returning to work at this time, but does not foreclose that he may do so in the future.
Accordingly, the motion to dismiss is denied.
BY THE COURT,
GRUENDEL, J.