PALMER, J.
**378 Under General Statutes § 46b-86(a),[1] unless a dissolution decree provides otherwise, the trial court may at any time modify any final order for the periodic payment of alimony upon a showing of a substantial change in the circumstances of either party, but may not modify any assignment of the estate or a portion thereof of one party to the other party. In this certified appeal, the plaintiff, Gail Reinke, appeals from the judgment of the Appellate Court, which reversed the trial court's decision to modify the property distribution orders in a prior judgment dissolving her marriage to the defendant, Walter Sing. The plaintiff claims that the Appellate Court incorrectly concluded that, under § 46b-86 (a), in the absence of a finding of fraud, the **379 trial court lacked subject matter jurisdiction to modify the prior judgment. We agree and, accordingly, reverse the judgment of the Appellate Court.[2]
The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "The parties were married in 1989 and had two children. The plaintiff [holds] a bachelor's degree and previously had been employed in a number of well paying jobs. During the marriage, she became a homemaker; she also worked part-time 'from time to time.' The defendant [holds] a degree in mathematics, and he worked throughout the marriage, most recently as a self-employed consultant.
*771 "The marriage was dissolved by the trial court, Hon. Dennis F. Harrigan , judge trial referee, on October 2, 2007. The parties entered into a 'Stipulation for Judgment,' which was incorporated into the judgment of dissolution. On May 3, 2010, the plaintiff filed a motion to open the judgment of dissolution on the basis of fraud, claiming that the defendant failed to disclose some of his assets on the financial affidavit relied [on] at the time of the dissolution. On September 28, 2010, the trial court, Shay, J. , opened the judgment 'by oral agreement of both parties, without a finding of fraud,' in order to reassess the financial orders.
"Following a trial, the court issued its decision on August 23, 2013. The court found that the defendant's income actually had been twice the amount that the defendant disclosed at the time of the original dissolution, and the lesser amount had been relied on in formulating the terms of the initial stipulation and judgment. The court also found that the defendant had underreported **380 the values of his investment accounts, retirement accounts, life insurance, and anticipated tax refund; he also underreported the value of the plaintiff's share of a condominium in New Jersey. The court, therefore, ordered the amount and term of the alimony altered, the amounts the defendant owed to the plaintiff with respect to various marital assets and retirement accounts altered, and awarded the plaintiff attorney's fees. On September 27, 2013, the court issued a correction to its memorandum of decision; the correction fixed a calculation error, but the court declined to amend its prior award of attorney's fees." (Footnote omitted.) Reinke v. Sing , 162 Conn. App. 674, 675-76, 133 A.3d 501 (2016).
The plaintiff appealed to the Appellate Court, which, sua sponte, "ordered the trial court to articulate whether, in granting the motion to open 'without a finding of fraud,' it found there was no fraud or was simply not making a finding regarding fraud. The trial court issued an articulation ... stating that, at the time the judgment was opened, it made no finding one way or the other, but that, after hearing the evidence, it found that the plaintiff had failed to prove fraud by clear and convincing evidence. Both parties submitted supplemental briefs in response to the trial court's articulation; the plaintiff argued, in essence, that failing to find fraud was clearly erroneous, and the defendant disagreed." Id., at 677, 133 A.3d 501.
In light of the trial court's articulation, the Appellate Court then "requested the parties to submit supplemental briefs on the question of whether the trial court had subject matter jurisdiction to open the judgment in the absence of a finding of fraud." Id. In answering that question, the Appellate Court "directed the parties' attention to Sousa v. Sousa , 157 Conn. App. 587, 116 A.3d 865 [ (2015), rev'd, 322 Conn. 757, 143 A.3d 578 (2016) ]," in which the court noted that § 46b-86(a)
**381 "deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party ...." (Internal quotation marks omitted.) Id., at 595-96, 116 A.3d 865.
The Appellate Court reversed the trial court's decision, explaining that, during the pendency of the appeal, the court decided Forgione v. Forgione , 162 Conn. App. 1, 6-8, 129 A.3d 766 (2015), cert. denied, 320 Conn. 920, 132 A.3d 1094 (2016), a case directly on point that held that, "in the absence of a finding or concession of fraud, the trial court lack[s] subject matter jurisdiction to open a dissolution judgment, at least as to the division of the parties' marital assets, despite an *772 agreement by the parties to permit the trial court to do so."[3] Reinke v. Sing , supra, 162 Conn. App. at 677, 133 A.3d 501. In light of its determination that the trial court lacked subject matter jurisdiction to open the judgment and to enter the modification order without a finding of fraud, the Appellate Court declined to reach the merits of the plaintiff's claims on appeal. See id., at 677-78, 133 A.3d 501. We granted the plaintiff's petition for certification to appeal, limited to the issue of whether "the Appellate Court correctly determine[d] that, in the absence of a finding of fraud, the trial court **382 lacked subject matter jurisdiction to open the parties' judgment of dissolution of their marriage." Reinke v. Sing , 321 Conn. 911, 912, 136 A.3d 644 (2016). We now reverse the Appellate Court's judgment.[4]
A determination regarding a trial court's subject matter jurisdiction is a question of law over which we exercise plenary review. See, e.g., Connecticut Coalition Against Millstone v. Rocque , 267 Conn. 116, 127-28, 836 A.2d 414 (2003). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it.... [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction .... The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) Sousa v. Sousa , 322 Conn. 757, 770, 143 A.3d 578 (2016). In determining whether a court has subject matter jurisdiction, however, we indulge every presumption in favor of jurisdiction. E.g., Connecticut Light & Power Co. v. Costle , 179 Conn. 415, 421 n.3, 426 A.2d 1324 (1980).
In concluding that the trial court lacked subject matter jurisdiction to open the dissolution judgment, the Appellate Court relied on Forgione ; see Reinke v. Sing , supra, 162 Conn. App. at 677, 133 A.3d 501 ; which, in turn, relied on Sousa v. Sousa , supra, 157 Conn. App. 587, 116 A.3d 865 ; see **383 Forgione v. Forgione , supra, 162 Conn. App. at 6-8, 129 A.3d 766 ; in which the Appellate Court determined that § 46b-86(a) deprived the trial court of subject *773 matter jurisdiction to modify, by stipulation of the parties, a property distribution order contained in a prior judgment of dissolution. See Sousa v. Sousa , supra, 157 Conn. App. at 595-96, 116 A.3d 865. For the reasons set forth hereinafter, we conclude that Sousa v. Sousa , 157 Conn. App. 587, 116 A.3d 865, was wrongly decided. We further conclude that General Statutes § 52-212a[5] authorized the trial court in the present case to open the dissolution judgment in accordance with the parties' agreement. Accordingly, we reverse the Appellate Court's judgment and remand the case to that court for consideration of the merits of the plaintiff's claims.
To fully understand the Appellate Court's error in the present case, it is necessary to examine that court's decision in Sousa . In Sousa , the parties were divorced in 2001, and, pursuant to the parties' separation agreement, the husband's pension was divided equally between the parties. Sousa v. Sousa , supra, 157 Conn. App. at 590, 116 A.3d 865. The husband was required to pay periodic alimony of $130 per week, "subject to termination at the end of five years, or earlier upon the [wife's] cohabitation or the death of either party." (Internal quotation marks omitted.) Id., at 591, 116 A.3d 865.
"Approximately two years after the divorce, the [wife] began cohabitating with [her boyfriend] .... Upon becoming aware of the situation, the [husband]
**384 informed the [wife] that she was in violation of their divorce agreement and that he would be seeking to terminate the alimony. After some discussion ... [t]he [wife] proposed to waive her right to her share of the [husband's] pension in exchange for a continuation of the alimony for three years despite her admitted cohabitation. The [husband] agreed to the proposal and continued to pay the alimony....
"After the conclusion of the five year alimony period established by the terms of the separation agreement, the [husband] filed a motion to modify [the] judgment in accordance with [the parties' agreement that] ... the full pension [would be] returned to him. By agreement, his counsel prepared the motion and the accompanying stipulation, which was signed by both parties and submitted to the court for approval....
"During the hearing [on the motion, the court] canvassed the [wife], asking if she had reviewed the terms and conditions of the stipulation with a family relations officer, to which she replied in the affirmative. The terms of the stipulation were then read into the record. The [court] then asked [the wife] why she was entering into this agreement, which waived her right to receive any portion of the [husband's] pension.... [She] ... replied that it was her idea, pursuant to an agreement entered into three years earlier that provided that the [husband] would not cease alimony payments and she would relinquish her portion of his pension." (Internal quotation marks omitted.) Id., at 591-92, 116 A.3d 865.
"Four years after the entry of the [modification] order ... the [wife] filed a *774 ... motion to vacate the ... order ... claiming that the court ... lacked jurisdiction to enter such an order." (Internal quotation marks omitted.) Id., at 592, 116 A.3d 865. The court denied the motion and rejected the wife's "argument that ... it lacked subject matter jurisdiction to modify the order in the **385 judgment of dissolution dividing the plaintiff's pension benefits equally between the parties. The court quoted ... § 52-212a, which provides in relevant part that 'a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.' Section 52-212a further provides in relevant part that '[t]he parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court ....' Guided by that language, the court determined that, although the order modifying the judgment of dissolution was entered well over four months after the court rendered the judgment of dissolution, the parties had acquiesced to the court's jurisdiction by submitting a stipulation requesting a modification.... As a result, the court denied the ... motion to vacate." (Footnote omitted.) Id., at 593-94, 116 A.3d 865.
The wife appealed to the Appellate Court, which, notwithstanding the language in § 52-212a authorizing the court to open a judgment after four months if the parties voluntarily submit to the court's jurisdiction, concluded that § 46b-86(a) expressly "deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under [General Statutes] § 46b-81.... A court, therefore, does not have the authority to modify the division of property once the dissolution becomes final."[6] (Internal **386 quotation marks omitted.) Id., at 595-96, 116 A.3d 865. According to the Appellate Court, the trial court improperly relied on § 52-212a because that provision "does not confer jurisdiction on a court"; id., at 597, 116 A.3d 865 ; but merely "permits parties to waive the statutory deadline imposed on the filing of motions to open and to submit to jurisdiction otherwise conferred on a court by statute." Id. The Appellate Court further explained that, because "the [trial] court did not have subject matter jurisdiction to enter the modified order requested by the parties through their stipulation"; id. ; it "had no subject matter jurisdiction for the parties to submit to before considering the substantive provisions of § 52-212a." Id., at 597-98, 116 A.3d 865.
In reaching its determination in Sousa , the Appellate Court also rejected the husband's *775 contention that, under Urban Redevelopment Commission v. Katsetos , 86 Conn. App. 236, 860 A.2d 1233 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1289 (2005), the doctrine of finality of judgments precluded the wife's claim that the trial court lacked subject matter jurisdiction to modify the parties' dissolution judgment. See Sousa v. Sousa , supra, 157 Conn. App. at 599-601, 116 A.3d 865. The Appellate Court reasoned that the facts and procedural history of Sousa fell within an exception to the finality of judgments doctrine for cases in which the trial court's lack of subject matter jurisdiction was "entirely obvious" to the parties when the court entered the modification order. Id., at 600, 116 A.3d 865. Specifically, the court explained that, when the court entered the modification order, it was entirely obvious to the parties that § 46b-86(a) **387 "unequivocally" deprived the court of subject matter jurisdiction to modify the dissolution judgment. Id. The court therefore concluded that it was not necessary for it to "apply the factors set forth in Urban Redevelopment Commission to determine whether the doctrine of finality of judgments preclude[d] the [wife's] subject matter jurisdiction claim." Id., at 600-601, 116 A.3d 865.
On appeal to this court following our granting of certification, the husband in Sousa claimed that the Appellate Court incorrectly determined that the doctrine of finality of judgments did not preclude his wife's collateral attack on the trial court's modification of the underlying dissolution judgment. Sousa v. Sousa , supra, 322 Conn. at 767, 143 A.3d 578. We agreed with that claim; see id., at 770, 143 A.3d 578 ; noting that, to be "entirely obvious" for purposes of avoiding the preclusive effects of the finality of judgments doctrine, "a jurisdictional deficiency must amount to a fundamental mistake that is so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority" and, further, that "[o]ur cases demonstrate that it is extraordinarily rare for a tribunal's jurisdiction to be so plainly lacking that it is entirely obvious." (Internal quotation marks omitted.) Id., at 773, 143 A.3d 578. We also stated that "Connecticut's case law is in conflict regarding whether the modification of a property distribution postdissolution implicates the court's subject matter jurisdiction or merely its statutory authority.... Those cases standing for the proposition that the statutory restriction on postjudgment modification of property distribution is jurisdictional, on which the Appellate Court relied in [Sousa ], do not address the distinction made by [this court] in Amodio v. Amodio , [247 Conn. 724, 728, 724 A.2d 1084 (1999) ], that the court's authority to act pursuant to a statute is different from its subject matter jurisdiction.... The mere existence of this conflict, along with the Superior Court's general jurisdiction over **388 family matters under [General Statutes] § 46b-1, demonstrates that, even if we assume, without deciding, that the restriction of postjudgment modification of property distributions in § 46b-86(a) is in fact jurisdictional in nature, it is far from entirely obvious that [the trial court] was without subject matter jurisdiction ... when [it] modified the pension distribution." (Citations omitted; footnotes omitted; internal quotation marks omitted.) Sousa v. Sousa , supra, 322 Conn. at 777-80, 143 A.3d 578. We noted, finally, that the issue of whether § 46b-86(a) erects a subject matter jurisdictional bar to postjudgment modification of property distribution orders would soon be resolved in light of our then recent granting of the plaintiff's petition for certification in the present case. See id., at 780 n.16, 139 A.3d 778, citing Reinke v. Sing , supra, 321 Conn. at 912, 136 A.3d 644. *776 As we indicated in Sousa , this court's decision in Amodio v. Amodio , supra, 247 Conn. 724, 724 A.2d 1084, is highly relevant to our resolution of this appeal. In Amodio , the issue to be decided was whether the Appellate Court properly determined that, under § 46b-86(a), the trial court lacked subject matter jurisdiction to modify a support order when "the parties' dissolution decree unambiguously foreclosed modification of the support order unless the [husband] earned more than $900 per week, and the [husband's] financial affidavit indicated that his income had remained at that level." Id., at 727, 724 A.2d 1084. The Appellate Court in Amodio explained that, although a trial court has jurisdiction to entertain a modification of a support order "[u]nless and to the extent that the decree precludes modification"; (internal quotation marks omitted) Amodio v. Amodio , 45 Conn. App. 737, 740, 697 A.2d 373 (1997) (quoting § 46b-86 [a] ), rev'd, 247 Conn. 724, 724 A.2d 1084 (1999) ; the parties' decree in Amodio expressly precluded modification under the circumstances presented. See id., at 742, 697 A.2d 373. **389 On appeal to this court, we disagreed with the Appellate Court, stating in relevant part: "[This case] requires us to review the distinction between a trial court's jurisdiction and its authority to act under a particular statute. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments § 11 [1982]. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it.... Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." (Citation omitted; internal quotation marks omitted.) Amodio v. Amodio , supra, 247 Conn. at 727-28, 724 A.2d 1084.
Applying the foregoing principles in Amodio , we concluded that the trial court clearly had subject matter jurisdiction to decide the merits of the modification issue in that case because, under § 46b-1 (4), the Superior Court is vested with "plenary and general subject matter jurisdiction over legal disputes in 'family relations matters,' including alimony and support"; id., at 729, 724 A.2d 1084 ; and because, under § 46b-86 (a), the court is vested "with continuing jurisdiction to modify support orders." Id."Together, [we concluded], these two statutes provided the trial court with subject matter jurisdiction over the modification claim in [that] case." Id., at 729-30, 724 A.2d 1084.
Having resolved the jurisdictional issue in Amodio , we next explained that the question of "whether a trial court properly applies § 46b-86 (a), that is, properly exercises its statutory authority to act"; (emphasis omitted) id., at 730, 724 A.2d 1084 ; is "[s]eparate and distinct from the question of whether a court has jurisdictional power to hear and determine a support matter ...." Id."In concluding that the trial court had no jurisdiction to modify because the order contained a preclusion provision, the Appellate Court confused the issues of subject matter jurisdiction **390 and the proper exercise of the trial court's authority to act pursuant to § 46b-86(a). The common thread to all of the ... cases addressing the trial court's power to modify support orders pursuant to § 46b-86(a) is that in every case the relevant courts actively were adjudicating claims for modification by determining whether § 46b-86(a) precluded modification in that instance.... As we have stated, the trial court unquestionably has the power to hear and determine any modification issue. With subject matter jurisdiction established, *777 the trial court's task is to apply the statute to the facts of a particular case; indeed, interpreting statutes and applying the law to the facts before it [fall within] the traditional province of the trial court.... Upon review of the trial court's actions, therefore, the Appellate Court's role is to review the trial court's exercise of its authority to act.... In [ Amodio ], such review means to determine whether the trial court, in granting the motion to modify, properly exercised its authority in accordance with § 46b-86(a)." (Citations omitted; emphasis omitted.) Id., at 731-32, 724 A.2d 1084.
In light of the reasoning in Amodio , it is apparent that the trial court in the present case had the authority to entertain and determine the plaintiff's claim seeking a modification of the dissolution judgment. That authority derived not only from the court's plenary and general subject matter jurisdiction over dissolution actions; see General Statutes § 46b-1 ; but also from its authority under § 46b-81(a)"[to] assign to either spouse all or any part of the [marital] estate ...."
It is also evident that, in opening the dissolution judgment, the trial court properly exercised its authority under § 52-212a. Under that provision, the trial court is authorized to open a judgment more than four months after it was rendered when any one of the following four exceptions is satisfied: the parties waived the four month limitation; the parties otherwise submitted to **391 the court's jurisdiction; the court's authority to open the judgment is otherwise authorized by law; or the court has continuing jurisdiction over the judgment. See General Statutes § 52-212a. In addition to these statutory exceptions, the trial court also may open a judgment if the judgment is shown to have been the product of fraud, mutual mistake, or absence of consent. E.g., Kenworthy v. Kenworthy , 180 Conn. 129, 131, 429 A.2d 837 (1980).
To be clear, if the parties in the present case had not voluntarily submitted to the court's jurisdiction, § 46b-86(a) would have precluded the trial court from modifying the dissolution judgment because no other exception to the four month rule limiting that court's power to open a judgment appears to be applicable. We have long held, however, that, even though an order dividing marital property "is a final judgment [that] the court cannot modify even [if] there [is] a change of circumstance"; (internal quotation marks omitted) Turgeon v. Turgeon , 190 Conn. 269, 282, 460 A.2d 1260 (1983) ; "[l]ike any other ... judgment, once [rendered], it may be subject to attack on appeal , it may be opened in a limited set of circumstances or it may be vacated by motion or petition for a new trial ...." (Emphasis added.) Id. ; see also Bauer v. Bauer , 308 Conn. 124, 129-30, 60 A.3d 950 (2013) ("[t]he court's judgment in an action for [the] dissolution of a marriage is final and binding [on] the parties ... unless and to the extent that statutes, the common law or rules of [practice] permit the setting aside or modification of that judgment" [internal quotation marks omitted] ).
The notion that § 46b-86(a) deprives the trial court of subject matter jurisdiction to modify a property distribution order appears to derive from this court's statement in Bunche v. Bunche , 180 Conn. 285, 429 A.2d 874 (1980), that, "[b]y its terms, [ § 46b-86(a) ] deprives the Superior Court of continuing jurisdiction over that portion **392 of a dissolution judgment providing for the assignment of property of one party to the other party ...." (Emphasis added.) Id., at 289, 429 A.2d 874. When read in context, however, it seems clear that the quoted language was not intended to mean that the provisions of *778 § 46b-86(a) are subject matter jurisdictional. In Bunche , the issue presented was whether the trial court correctly determined that it lacked authority to modify a property distribution order. See id., at 287, 429 A.2d 874. Although we ultimately agreed with the trial court that it lacked such authority, we did so not because the court lacked subject matter jurisdiction to modify the dissolution judgment but because none of the exceptions to the four month limitation on the court's authority to open judgments set forth in § 52-212a was applicable. See id., at 287-88, 429 A.2d 874. Specifically, we stated that "[t]he court's judgment in an action for [the] dissolution of a marriage is final and binding [on] the parties, [when] no appeal is taken therefrom, unless and to the extent that statutes, the common law or rules of court permit the setting aside or modification of that judgment. Under [what is now Practice Book § 17-4 ],[7] a civil judgment may be opened or set aside, unless otherwise provided by law, [when] a motion seeking to do so is filed within four months from the date of its rendition. Under [that rule of practice], the parties may waive the time requirements or otherwise submit themselves to the jurisdiction of the court. [In the absence of] waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of ... the term provided **393 in [ Practice Book § 17-4 ]." (Citation omitted; footnote added and omitted.) Id. Applying these well established principles, we concluded in Bunche that the trial court properly had denied the wife's motion to modify the dissolution judgment because "[t]he ... motion ... was not filed within the applicable periods, and the parties did not submit themselves to the jurisdiction of the court by waiver, consent or otherwise." Id., at 288, 429 A.2d 874.
By contrast, in the present case, it is undisputed that the parties submitted to the jurisdiction of the court by agreement. In light of that agreement, the trial court acted within its authority under § 52-212a in opening the dissolution judgment.
The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of the merits of the plaintiff's claims.
In this opinion the other justices concurred.

General Statutes § 46b-86(a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.... This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law...."
Although § 46b-86(a) has been the subject of recent amendments; see Public Acts 2013, No. 13-213, § 4; Public Acts 2010, No. 10-36, § 6; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we hereinafter refer to the current revision of § 46b-86(a).

After this appeal was filed, we granted the applications of the Connecticut Bar Association and the Connecticut Chapter of the American Academy of Matrimonial Lawyers to file amicus curiae briefs in support of the plaintiff's claims.

By its express terms; see footnote 1 of this opinion; § 46b-86(a) allows modification of periodic alimony payments but not property distribution orders because the former serves a very different purpose than the latter. See, e.g., Blake v. Blake , 211 Conn. 485, 497, 560 A.2d 396 (1989) ("[t]he difference between an assignment of a specific portion of an estate and alimony is in their purposes" [internal quotation marks omitted] ). As we previously have explained, "[t]he purpose of a property division pursuant to a dissolution proceeding is to unscramble existing marital property in order to give each spouse his or her equitable share at the time of dissolution.... By comparison, the purpose of both periodic and lump sum alimony is to provide continuing support.... Hence, once the marital property is divided, the court has fulfilled its responsibility, and, therefore, continuing jurisdiction over divided marital property does not further the goal of the statutes." (Citations omitted.) Smith v. Smith , 249 Conn. 265, 275, 752 A.2d 1023 (1999).

On appeal, the defendant does not dispute that the trial court had subject matter jurisdiction to open the judgment of dissolution. His only claim before this court is that the Appellate Court's judgment should be affirmed because the trial court was required but failed to hold an evidentiary hearing to determine if the plaintiff had made a preliminary showing of fraud, as required by Oneglia v. Oneglia , 14 Conn. App. 267, 540 A.2d 713 (1988). We decline to address this issue, however, because, as the defendant conceded at oral argument before this court, it was not raised below. See, e.g., Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.... The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court, provided the filing of an amended petition for termination of parental rights does not constitute a waiver of the provisions of this section or a submission to the jurisdiction of the court to reopen a judgment terminating parental rights."

The Appellate Court concluded that the provisions of § 46b-86(a) are subject matter jurisdictional even though, as that court itself has recently observed, "there are conflicting decisions of [the Appellate Court] regarding whether the modification of a property distribution postdissolution implicates the court's subject matter jurisdiction or merely its statutory authority. Compare McLoughlin v. McLoughlin , 157 Conn. App. 568, 575-76 n.5, 118 A.3d 64 (2015) ('we note that the distribution of personal property postdissolution does not implicate the court's subject matter jurisdiction but, rather, its statutory authority'), and Roos v. Roos , 84 Conn. App. 415, 421-22, 853 A.2d 642 (noting that distribution of personal property postdissolution is question of statutory authority, not subject matter jurisdiction), cert. denied, 271 Conn. 936, 861 A.2d 510 (2004), with Forgione v. Forgione , [supra, 162 Conn. App. at 6-7, 129 A.3d 766 ] (stating that court lacked subject matter jurisdiction to modify property distribution postdissolution), and Sousa v. Sousa , [supra, 157 Conn. App. at 596, 116 A.3d 865 ] ('by subsequently [postdissolution] modifying the order dividing the plaintiff's pension benefits equally between the parties, the court acted outside of its jurisdictional authority') ...." (Citation omitted.) Lawrence v. Cords , 165 Conn. App. 473, 483 n.8, 139 A.3d 778, cert. denied, 322 Conn. 907, 140 A.3d 221 (2016).

Practice Book § 17-4 provides in relevant part: "(a) Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."