******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL DEVINE, ADMINISTRATOR (ESTATE
OF TIMOTHY DEVINE) *v.* LOUIS
FUSARO, JR., ET AL.
(SC 20633)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

Argued November 22, 2022—officially released January 18, 2023*

*Procedural History*

Action to recover damages for the wrongful death of the plaintiff's decedent as a result of the defendants' alleged recklessness and gross negligence, brought to the Superior Court in the judicial district of New London, where the court, *Knox, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to the Appellate Court, *DiPentima, C. J.*, and *Keller* and *Norcott, Js.*, which affirmed the trial court's judgment; thereafter, the Appellate Court granted the plaintiff's motion for reconsideration; subsequently, the Appellate Court, *Prescott, Cradle* and *DiPentima, Js.*, reversed the trial court's judgment and remanded the case for further proceedings, and the defendants, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Michael K. Skold*, deputy solicitor general, with whom, on the brief, were *William Tong*, attorney general, *Clare Kindall*, former solicitor general, *Alayna M. Stone*, associate attorney general, and *Colleen B. Valentine*, assistant attorney general, for the appellants (defendants).

*Trent A. LaLima*, with whom was *Virginia M. Gillette*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. On July 24, 2012, the decedent, Timothy Devine, fatally shot himself with a handgun after state police officers fired nonlethal ammunition at him in an unsuccessful effort to cause him to drop or to surrender his weapon. The plaintiff, Michael Devine, as administrator of the decedent's estate,[1] filed a wrongful death action against four state police officers—the defendants, Louis Fusaro, Jr., Steven Rief, Michael Avery, and Kevin Cook—alleging that their intentional, reckless, or grossly negligent conduct caused the death of the decedent. The defendants moved to dismiss the action, claiming that it was barred by the doctrine of sovereign immunity or, alternatively, the statutory grant of immunity set forth in General Statutes § 4-165. The trial court granted the defendants' motion to dismiss, concluding that the plaintiff's action was barred by the doctrine of sovereign immunity pursuant to the four factor test set forth in *Spring* v. *Constantino*, 168 Conn. 563, 568, 362 A.2d 871 (1975). See id. (articulating "the following criteria for determining whether [a] suit is, in effect, one against the state and cannot be maintained without its consent: (1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability" (internal quotation marks omitted)).

The Appellate Court reversed the judgment of the trial court, reasoning that the *Spring* test does not apply because the operative complaint unequivocally stated that "[t]he defendants are sued in their individual capacit[ies]." (Internal quotation marks omitted.) *Devine* v. *Fusaro*, 205 Conn. App. 554, 576, 259 A.3d 655 (2021); see id., 585. Alternatively, the Appellate Court determined that the trial court misapplied the third factor of the *Spring* test because it "was required to give far greater weight to the fact that the plaintiff specifically pleaded that he brought the action against the defendants in their individual capacities." Id., 582–83. Accordingly, the Appellate Court reversed the trial court's judgment and remanded the case with direction to "consider the remaining ground raised in the motion [to dismiss], namely, whether the plaintiff's complaint sufficiently alleges reckless, wanton, or malicious conduct such that, if proven, the defendants would not be entitled to statutory immunity under § 4-165." Id., 585. We granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly conclude that, when a court determines whether sovereign immunity bars a claim against state officials or employees for actions taken in the exercise of their duties, the [*Spring*] test . . . 'has no applicability' when a plaintiff designates that the state officials

or employees have been sued in their individual capacities?" *Devine* v. *Fusaro*, 339 Conn. 904, 260 A.3d 1224 (2021).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

* January 18, 2023, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The case captions in the trial court, the Appellate Court, and this court list Michael Devine, in his official capacity as the administrator of the estate of the decedent, as the named plaintiff, but the summons and operative complaint listed the estate of the decedent as the named plaintiff. During oral argument before this court, the issue was raised whether the plaintiff had standing to invoke the subject matter jurisdiction of the courts given that an estate is not a legal entity capable of filing suit. Compare *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 32, 144 A.3d 420 (2016) ("It is well established that an estate is not a legal representative. . . . Not having a legal existence, it can neither sue nor be sued." (Internal quotation marks omitted.)), with *Estate of Brooks* v. *Commissioner of Revenue Services*, 325 Conn. 705, 706 n.1, 159 A.3d 1149 (2017) (subject matter jurisdiction exists, despite naming estate as plaintiff, if action is maintained on behalf of estate by legal entity), cert. denied,     U.S.    , 138 S. Ct. 1181, 200 L. Ed. 2d 314 (2018). Because we dismiss the certified appeal, we do not resolve this issue, but the parties and the trial court may address it on remand. See, e.g., *Reinke* v. *Sing*, 328 Conn. 376, 382, 179 A.3d 769 (2018) ("Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings . . . ." (Internal quotation marks omitted.)).