******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## ROBERT KAROSI *v.* DONNA KAROSI
### (AC 47068)

Bright, C. J., and Alvord and Westbrook, Js.

*Syllabus*

The defendant appealed from the trial court's judgment granting in part a motion for order filed by the plaintiff in a postjudgment dissolution matter. The defendant claimed that the court acted in excess of its authority when it ordered a transfer of custodianship from the defendant to the plaintiff of an education savings account established pursuant to statute (26 U.S.C. § 529). *Held*:

The trial court acted within its authority pursuant to the relevant statutes (§§ 46b-56 and 46b-84) in ordering a transfer of the custodianship of the § 529 account to the plaintiff, the minor child's custodial parent, as the § 529 account was established postdissolution by agreement of the parties expressly for the benefit of the parties' minor child and the transfer of the custodianship of the § 529 account was distinct from an order modifying the division of marital property.

Argued January 15—officially released February 18, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of New Haven at Meriden, and transferred to the judicial district of Middlesex; thereafter, the case was tried to the court, *Dewey, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' settlement agreement; subsequently, the court, *Albis, J.*, granted in part the plaintiff's motion for order, and the defendant appealed to this court. *Affirmed.*

*Meagan A. Cauda*, with whom was *Dana M. Hrelic*, and, on the brief, *Jon T. Kukucka*, for the appellant (defendant).

*Robert Karosi*, self-represented, the appellee (plaintiff).

*Opinion*

ALVORD, J. In this postjudgment dissolution matter, the defendant, Donna Karosi, appeals from the judgment rendered by the trial court granting in part the motion for order filed by the plaintiff, Robert Karosi. On appeal, the defendant claims that the court acted in excess of its statutory authority when it ordered a change in custodianship over the education savings account established pursuant to 26 U.S.C. § 529 (§ 529 account)[1] for the benefit of the parties' then minor child. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claim on appeal. The court, *Dewey, J.*, dissolved the parties' marriage on April 10, 2008. The parties have one child together, who was born in 2005.[2] The judgment of dissolution incorporated by reference the parties' separation agreement, also dated April 10, 2008 (separation agreement), pursuant to which the parties had joint legal custody of the child. In paragraph 14 of the separation agreement, the parties agreed to sell the marital home and that "[t]he net proceeds from the sale of the marital home shall be divided as follows . . . [t]he first $50,000.00 shall be placed in a 529 account for the minor child with the [p]laintiff . . . as custodian and he shall make annual accountings and provide copies of statements to the [d]efendant . . . ."[3] Paragraph 15 of the

---

[1] "Title 26 of the United States Code, § 529, provides for the creation of an account specifically designed for higher education related qualified expenses. Earnings on contributions invested are tax deferred and withdrawals are tax free when used for qualified educational expenses." *Leonova* v. *Leonov*, 201 Conn. App. 285, 302 n.16, 242 A.3d 713 (2020), cert. denied, 336 Conn. 906, 244 A.3d 146 (2021).

[2] At the time of the court's decision in August, 2023, the child had graduated from high school. The child turned eighteen years old in November, 2023. Both parties represented in their appellate briefs that the child was attending college.

[3] The separation agreement provided that, after the first $50,000 was placed in the § 529 account, "[t]he next sum of $90,000 shall be payable to the

separation agreement provided that "[t]he parties shall equally divide college costs pursuant to statute after exhausting the 529 account . . . ." In its orders, the court also reserved jurisdiction to enter educational support orders pursuant to General Statutes § 46b-56c.

On February 8, 2011, the court, *E. Gordon, J.*, held a hearing on then pending motions, and the court ordered that the defendant would have sole custody of the child. The court also ordered a change in custodianship of the child's § 529 account from the plaintiff to the defendant (2011 order).

During the summer of 2022, the plaintiff was awarded sole custody of the child, pursuant to an ex parte temporary order that was followed by a stipulation of the parties that "[t]he temporary orders shall remain in place . . . ." On November 21, 2022, the plaintiff filed a motion for order, requesting, inter alia, that custodianship of the child's § 529 account be transferred from the defendant to the plaintiff. The plaintiff also requested, inter alia, that the court terminate the parties' obligation to communicate through Our Family Wizard and to permit the child to communicate with the defendant as the child chooses, with the support and guidance of the child's counselor.[4] On August 4, 2023, the court, *Albis, J.*, held a hearing on the motion for order and other motions.[5] Both parties testified during the hearing, and several documents were admitted into evidence.

[p]laintiff . . . [and] [t]he remaining net proceeds shall be divided equally between the parties . . . ."

[4] In the defendant's appellate brief, the court's attention is directed to an objection to the plaintiff's motion for contempt and not an objection related to the motion for order.

[5] At the beginning of the hearing, the defendant's counsel stated: "We are not going to be challenging the order that was entered last summer giving [the plaintiff] custody. That will be accepted and is really moot. The child is going to be eighteen in November." The defendant's counsel also acknowledged that the custodial order had been continued by subsequent agreement.

In its August 4, 2023 oral ruling, the court addressed the plaintiff's motion for order, which it explained had been treated as a motion for modification. The court stated: "As to the 529 college fund, requesting an order of switching control or custodianship of that account from the defendant to the plaintiff, the court notes that in 2011 when custody was changed to the [defendant], the court, at that time, also changed control of that account to the legal custodian. I find it appropriate at this time to do the same thing. And it further appears that the plaintiff has and will have more knowledge about the incidental expenses that might be eligible for payment from that account given his relationship with the child compared to that of the [defendant].

"And this—that casts no aspersions on the [defendant] or any doubt that she fully intended and would have used the account properly, but these parties obviously have a lot of difficulty communicating. There are a lot of issues and a very unfortunate set of relationships here, and I find that can be minimized to some extent by having the [plaintiff] have control over that account. So that request is granted, and the . . . defendant . . . is ordered within thirty days to execute any necessary paperwork through counsel to change the custodianship or control of the 529 account to the plaintiff." Following the court's ruling, the defendant's counsel stated: "The judgment said that the 529 was to be used for college per the statute. Once she transfers this account to him, would the court consider an order that he must notify her what he is using that account for, that it's going to college, and she gets documentation, as she would have had to do for him? Because that account has to be exhausted first before they pay 50/50." The plaintiff did not object to that proposed order and, as requested by the defendant, the court ordered the plaintiff to provide the defendant with written notice of "any and all expenditures he makes from that account

and the nature of each expense." Upon further request of the defendant's counsel, the court also ordered the plaintiff to provide "[c]opies of invoices or receipts as appropriate depending on the nature of the expenses."[6]

On August 11, 2023, the defendant filed a motion for reargument and reconsideration. The defendant argued, inter alia, that the § 529 account constituted marital property and, thus, "the account cannot be changed postjudgment as the court does not have authority to do so." The defendant requested reargument and reconsideration or, in the alternative, that "any funds not used for the child for college expenses by the age of thirty (30) years of age, be transferred directly to the child at that time." On October 4, 2023, the plaintiff filed an objection to the motion for reargument and reconsideration and a memorandum of law in support thereof. The plaintiff argued that the court properly transferred custodianship of the § 529 account. He argued in the alternative, in relevant part, that, "if it is improper to transfer custody of a 529 account . . . then it was unequivocally improper to transfer it from the plaintiff to the defendant back in 2011 and as such, should have remained with the plaintiff . . . ." (Citation omitted.) The defendant filed a reply on October 6, 2023. The court granted reargument limited to "the legal issue of whether the 529 account was property for which the court did not have jurisdiction, postjudgment, to change the custodian."[7]

---

[6] The court additionally ordered "as to any expenses the plaintiff has already incurred that he believes are properly paid from the 529 account under applicable IRS statutes and regulations, he shall first notify the [defendant] in writing of the expense, his intention to pay himself back from the account, and a copy of any regulation that he relies on to support that.

"And [the defendant] shall have thirty days to object in writing. If she does object, then the money shall not be reimbursed. She shall state the reason for her objection based on the regulations, and if she objects, then the expense shall not be paid unless the parties agree or a court orders otherwise."

[7] Although the court used the term jurisdiction, we note that the distribution of personal property postdissolution does not implicate the court's

On October 16, 2023, the court held reargument, following which the court stated: "I do find that in this case the § 529 account was not an existing marital asset that was allocated to one party or the other, but rather was the product of an order at the time of judgment, by agreement of the parties, that an account would be created that was for the benefit of their minor child solely, and to be used for educational expenses. So, for that reason, I don't find that the court is prohibited by the principle on property distributions at the time of judgment from changing the manner, as the court has done before in this case, albeit before [*Greenan* v. *Greenan*, 150 Conn. App. 289, 91 A.3d 909, cert. denied, 314 Conn. 902, 99 A.3d 1167 (2014)], changing the custodianship of the account to make sure that the purposes are best served by having the parent who is more directly involved on a day-to-day basis with the child be in charge of the account." Accordingly, the court denied the defendant's request for relief asking the court to amend its order transferring custodianship of the § 529 account.

The court ordered that any funds remaining in the § 529 account when the child turns thirty years old shall be turned over to the child and that, any time after the child turns twenty-six years old, upon the child's written notification to the plaintiff and the defendant that the child has no intention to pursue further education, the balance of the § 529 account shall be turned over to the child within sixty days of the notice. This appeal followed.

On appeal, the defendant claims that the court lacked statutory authority to transfer custodianship of the § 529 account on the basis that the account constituted marital property, the division of which could not be

---

subject matter jurisdiction but, rather, its statutory authority. See *Reinke* v. *Sing*, 328 Conn. 376, 391–92, 179 A.3d 769 (2018).

modified postdissolution. We disagree that the court exceeded its statutory authority.

The present claim implicates the scope of the court's authority to act with respect to the postdissolution transfer of custodianship of the § 529 account ordered to be created at the time of the dissolution by agreement of the parties for the benefit of the minor child. "Any determination regarding the scope of a court's . . . authority to act presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Callahan* v. *Callahan*, 192 Conn. App. 634, 684, 218 A.3d 655, cert. denied, 333 Conn. 939, 218 A.3d 1050 (2019); see also *Leonova* v. *Leonov*, 201 Conn. App. 285, 304, 242 A.3d 713 (2020) (affording plenary review to claim that court exceeded statutory authority in ordering parties to establish and contribute to § 529 account), cert. denied, 336 Conn. 906, 244 A.3d 146 (2021).

We begin with a review of General Statutes § 46b-81 (a), which governs the equitable distribution of the marital estate and provides in relevant part that, "[a]t the time of entering a decree annulling or dissolving a marriage . . . the Superior Court may assign to either spouse all or any part of the estate of the other spouse. . . ." "[T]he court's authority to divide the personal property of the parties, pursuant to § 46b-81, must be exercised, if at all, at the time that it renders judgment dissolving the marriage. . . . A court, therefore, does not have the authority to modify the division of property once the dissolution becomes final. . . . Although the court does not have the authority to *modify* a property assignment, a court . . . does have the authority to issue postjudgment orders *effectuating* its judgment." (Emphasis in original; internal quotation marks omitted.) *Schneider* v. *Schneider*, 161 Conn. App. 1, 6, 127 A.3d 298 (2015); see also General Statutes § 46b-86 (a)

(prohibiting postjudgment modification of property distribution).[8]

We also set out the relevant statutes governing support orders for children in dissolution proceedings. General Statutes § 46b-56 (a) provides in relevant part: "In any controversy before the Superior Court as to the custody or care of minor children . . . the court may make . . . any proper order regarding the custody, care, education, visitation and support of the children . . . ." Section 46b-56c governs educational support orders, which are "order[s] entered by a court requiring a parent to provide support for a child or children to attend for up to a total of four full academic years an institution of higher education or a private career school for the purpose of attaining a bachelor's or other undergraduate degree, or other appropriate vocational instruction." General Statutes § 46b-56c (a). In addition to educational support orders issued in compliance with the mandates of § 46b-56c, this court has recognized that a trial court that has retained jurisdiction to enter educational support orders in the future has authority, pursuant to General Statutes §§ 46b-56 and 46b-84,[9] to

[8] In explaining why our statutes prohibit the postdissolution modification of a property distribution order, our Supreme Court has stated that "[t]he purpose of a property division pursuant to a dissolution proceeding is to unscramble existing marital property in order to give each spouse his or her equitable share at the time of dissolution. . . . By comparison, the purpose of both periodic and lump sum alimony is to provide continuing support. . . . Hence, once the marital property is divided, the court has fulfilled its responsibility, and, therefore, continuing jurisdiction over divided marital property does not further the goal of the statutes." (Internal quotation marks omitted.) *Reinke* v. *Sing*, 328 Conn. 376, 381 n.3, 179 A.3d 769 (2018).

[9] General Statutes § 46b-84 provides in relevant part: "(a) Upon or subsequent to the . . . dissolution of any marriage or the entry of a decree of . . . divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance. . . .

"(d) In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, voca-

issue financial orders to secure such future educational support orders. See *Leonova* v. *Leonov,* supra, 201 Conn. App. 307 ("[w]hen a court retains jurisdiction over educational support . . . it has the discretion to issue a financial order that would secure any educational support order that might be entered in the future"); see id., 311 ("court's order to establish the two § 529 plans to secure any future educational support order was eminently fair").

We next consider two relevant decisions of this court involving appeals from judgments of dissolution that contained orders relating to § 529 accounts. In *Greenan* v. *Greenan,* supra, 150 Conn. App. 289, the trial court had ordered in the dissolution judgment that the plaintiff continue to maintain the two minor children's § 529 accounts, which the plaintiff had "previously established and in which he had elected to place more than $280,000." Id., 310. The court also ordered that the defendant, to whom the court had granted sole custody of the minor children, be the custodian of the accounts. Id.

On appeal, the plaintiff in *Greenan* argued that the court's orders regarding the § 529 accounts violated the provision of § 46b-56c that limits educational expenses to the amount charged by the University of Connecticut, because the amount in the accounts "far exceeds tuition at the University of Connecticut for both children." Id., 309. He further argued that "the court improperly disguised the assignment of his property (the 529 accounts) as an educational order," and "that the court, in fashioning this order, failed to take into account the first factor of § 46b-56c (c), the parents' income." (Footnote omitted.) Id. In resolving these claims, the

tional skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child. . . ."

court first explained that, "[a]lthough 529 accounts pertain to education expenses . . . the court's orders regarding the plaintiff's 529 accounts were not educational support orders pursuant to § 46b-56c. . . . The court's orders with respect to the 529 accounts did not require the plaintiff to provide support in the future for the children to attend college. Rather, the court ordered that the plaintiff *continue* to maintain the accounts . . . ." (Citations omitted; emphasis in original.) Id., 310. The court noted that the defendant, who had sole custody of the children, was ordered pursuant to § 46b-56c to "be responsible for the educational expenses of the minor children . . . ." (Internal quotation marks omitted.) Id. Finally, the court explained that "[t]he accounts, per the court's order and 26 U.S.C. § 529 were for the benefit of the minor children. The court's order simply changed the person who was the custodian of the accounts, which were previously existing property, from the plaintiff to the defendant." (Footnote omitted.) Id.

The court in *Greenan* then stated that "[t]he 529 accounts were marital property pursuant to . . . § 46b-81, under the broad definition given to that term by our legislature. . . . The accounts were existing property, though payments were contemplated to be made from the accounts in the future." (Citation omitted; footnote omitted.) Id., 311. This court concluded that the court did not err in its orders related to the § 529 accounts. Id.

More recently, in *Leonova* v. *Leonov*, supra, 201 Conn. App. 287, this court considered an appeal from the judgment of dissolution, which challenged the trial court's order that the parties establish and contribute to a § 529 account for each of their two minor children. In that case, the plaintiff's mother had gifted the minor children $30,000 each, which money the parties instead had used to renovate a home. Id., 290–91. The plaintiff testified that the parties had agreed that the amount

would be repaid to the children, and, in closing argument, the plaintiff's counsel requested that the court restore the money to the children. Id., 303. In its financial orders, the court "ordered each of the parties to place $30,000, to be deducted from each party's share of one of two distributed marital assets, into two § 529 plans, one for each of the children, with the plaintiff to serve as trustee of those plans." (Footnote omitted.) Id., 303–304.

On appeal, the defendant in *Leonova* claimed that the court acted in excess of its statutory authority by ordering the parties to establish and contribute to the § 529 accounts. Id., 302. Specifically, the defendant argued, inter alia, that the court's order constituted an impermissible property assignment under § 46b-81, because the order distributed marital funds to someone other than the other spouse. Id., 303, 306. The defendant further argued that to the extent that the order constituted a form of postsecondary educational support, it violated § 46b-56c (c), in that the court did not undertake an analysis of the statutory factors contained therein. Id., 305.

This court in *Leonova* rejected the defendant's claim, concluding that "the court imposed [the order regarding the § 529 accounts] to secure future educational support to the children, which is within its authority in a dissolution proceeding, pursuant to [§] 46b-56." Id., 303. The court explained that, although the trial court did not expressly state its intention, the court's order creating the two § 529 accounts was crafted "to secure a potential postmajority educational support order." Id., 306–307. The court noted that the trial court had reserved jurisdiction to enter a postmajority educational order and stated that, when a court retains jurisdiction over educational support, "it has the discretion to issue a financial order that would secure any educational support order that might be entered in the future."

Id., 307. This court explained: "Because the statutory scheme anticipates that a dissolution may occur in advance of the time postsecondary educational decisions appropriately can be made, it provides a mechanism for the court to retain jurisdiction for the purpose of ordering educational support for adult children. In its orders, the court reserved jurisdiction to enter an educational support order pursuant to § 46b-56c at an appropriate time." Id., 308. The court also noted that "the order in the court's memorandum of decision that establishes the two § 529 plans follows immediately after the order in which the court reserves jurisdiction to enter an educational support order in the future." Id. The court concluded that "[t]he creation of a § 529 plan to fund an educational support order fits well within" the wide latitude of discretion afforded a trial court in making its financial orders. Id., 309; see also *Louney* v. *Louney*, 13 Conn. App. 270, 274–75, 535 A.2d 1318 (1988) (rejecting claim that court impermissibly limited use of marital property for particular purpose in affirming trial court's order limiting use of funds held in joint accounts for children's education on basis that "this portion of the court's order can reasonably be understood as providing for the support and maintenance of the children; it is well settled that the court has broad discretion in this regard").

Considering this precedent, we conclude that the court had authority to transfer custodianship of the § 529 account from the defendant to the plaintiff under the analysis in *Leonova*, and that the present case is readily distinguishable from *Greenan*. In *Greenan* v. *Greenan*, supra, 150 Conn. App. 310, the dissolution court made orders regarding "the plaintiff's 529 accounts," which had been established prior to the dissolution proceedings and into which the plaintiff had elected to place more than $280,000. Under the facts of that case, the court stated that the previously existing

§ 529 accounts were marital property. Id., 311. Citing *Greenan*, this court in *Leonova* v. *Leonov*, supra, 201 Conn. App. 311, recognized that "§ 529 plans established and funded by the parties themselves *might* qualify as marital property under the broad definition given to that term by our legislature in § 46b-81, in that such accounts are existing property at the time of the divorce proceedings . . . ." (Citation omitted; emphasis added.) This court in *Leonova*, however, found § 46b-81 inapplicable to the dissolution court's order to establish two new § 529 accounts. Id., 306. This court reasoned that the order did not constitute a distribution of marital property from one spouse to the other but, rather, it constituted a proper exercise of the court's authority pursuant to §§ 46b-56 and 46b-84, to issue an order "securing funds for the children's future educational needs." Id., 311.

Because the present case involves similar considerations as set forth in *Leonova*, we are guided by its holding to conclude that § 46b-81 is inapplicable to our consideration of the claim in this appeal. Specifically, the establishment of the § 529 account under the facts of this case was not a distribution of marital property.[10] Critical to our analysis is the fact that the § 529 account was not a presently existing asset at the time of dissolution. Rather, the dissolution judgment contemplated the establishment of the § 529 account to fund future education for the then minor child. Specifically, the parties' separation agreement provided that the first $50,000 of the proceeds from the anticipated sale of the marital home would be "placed in a 529 account for the minor child with the [p]laintiff . . . as custodian . . . ."[11] Moreover, the language in the separation

---

[10] In light of our conclusion, we need not address the defendant's reliance on *Buehler* v. *Buehler*, 138 Conn. App. 63, 70, 50 A.3d 372 (2012), in support of her argument that the court's order in the present case improperly modified property distribution orders made at the time of the dissolution judgment.

[11] We are not persuaded that the circumstances compelling the establishment of the § 529 account, namely, that the separation agreement directed

agreement regarding the contemplated § 529 account made clear that it was to be established "for the minor child . . . ." Thus, there was always agreement that the funds in the § 529 account were reserved for the child's future educational needs.

Other provisions of the judgment and the procedural history of this case are consistent with treating the transfer of custodianship of the § 529 account as distinct from an order modifying the division of marital property. The court, at the time of the dissolution, reserved jurisdiction to enter an educational support order pursuant to § 46b-56c. Moreover, the language immediately following the provision of the separation agreement regarding the § 529 account was the parties' additional agreement that they would "equally divide college costs pursuant to statute after exhausting the 529 account . . . ." Finally, the court previously had transferred custodianship of the § 529 account from the plaintiff to the defendant when the defendant was awarded full custody of the child in 2011.

The testimony at the hearing on the plaintiff's motion for order underlying this appeal further supports our determination that the order regarding custodianship of the § 529 account did not implicate marital property distribution but, rather, the support and maintenance of the child. The defendant testified that there was approximately $65,000 in the account, which was supposed to be used for the child's college expenses, that the defendant already had made a payment to the college from the account for the child, and that the defendant intended to use the § 529 account for the child's college expenses pursuant to the judgment and applicable law. The plaintiff testified that he felt that it was in

the creation of the account and that the parties agreed to fund the account using proceeds from the sale of marital property, lead to the conclusion that the establishment of the account constituted an order distributing marital property.

the best interest of the child for the plaintiff to serve as custodian of the § 529 account because there was tension between the child and the defendant, which would make communicating regarding expenses stressful for the child. Moreover, during oral argument on the defendant's motion for reargument and reconsideration, both parties confirmed their agreement that any unused funds in the § 529 account should be turned over to the child, rather than dispersed to either party. The parties disagreed only on what age the funds should be turned over to the child.

Because the § 529 account was established postdissolution by agreement of the parties expressly for the benefit of the parties' minor child, we conclude that the court acted within its statutory authority pursuant to §§ 46b-56 and 46b-84, in ordering a transfer of custodianship of the § 529 account to the then minor child's custodial parent.[12]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[12] The defendant does not identify as clearly erroneous any of the court's factual findings made in support of its decision transferring custodianship, including that "the plaintiff has and will have more knowledge about the incidental expenses that might be eligible for payment from that account given his relationship with the child compared to that of the [defendant]," and that the difficult communications between the parties would be minimized by having the plaintiff serve as custodian of the account.